---

## NO. 19-2121

---

## UNITED STATES COURT OF APPEALS
## FOR THE SEVENTH CIRCUIT

---

**PAMELA E. VEAL-HILL**
**Petitioner-Appellant**

v.

**COMMISSIONER OF INTERNAL REVENUE**
**Respondent-Appellee**

---

Appeal from the United States Tax Court,
Case No. 1517-17
The Honorable Judge Richard T. Morrison

---

BRIEF AND REQUIRED SHORT APPENDIX OF
PETITIONER-APPELLANT,
PAMELA E. VEAL-HILL

---

**EDWARD A. WILLIAMS & ASSOCIATES, LTD.**
Edward A. Williams
1 S. Leavitt St, Unit 207  Chicago, IL  60612
Phone: (312)754-0109  Fax: (312)600-6112
Email: eawassociates@att.net

**LAW OFFICE OF CRYSTAL L. JOHNSON, LLC**
Crystal L. Johnson
9800 Connecticut Dr, Crown Point, IN  46307
Phone: (219)213-6774  Fax: (219)213-6775
Email: crystal@cljlawoffice.com

Attorneys for the
Petitioner-Appellant, Pamela E. Veal-Hill

March 19, 2020

Save As    Clear Form

## APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT

Appellate Court No: 19-2121

Short Caption: Veal-Hill v. Commissioner

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

[ ]    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

Pamela E. Veal-Hill

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

Edward A. Williams & Associates, Ltd.  1 S. Leavitt St, Unit 207  Chicago, IL  60612

Crystal L. Johnson  Law Office of Crystal L. Johnson  9800 Connecticut Drive  Crown Point, IN  46307

(3)    If the party, amicus or intervenor is a corporation:

i)    Identify all its parent corporations, if any; and

N/A

ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

Attorney's Signature: /s/Edward A. Williams    Date: 03/19/2020

Attorney's Printed Name: Edward A. Williams

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d).    Yes [✓]    No [ ]

Address: 1 S. Leavitt St, Unit 207

Chicago, IL  60612

Phone Number: 312-754-0109    Fax Number: 312-600-6112

E-Mail Address: eawassociates@att.net

rev. 12/19 AK

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 19-2121

Short Caption: Veal-Hill v. Commissioner

    To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

    The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐    **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1)    The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):

    Pamela E. Veal-Hill

(2)    The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:

    Edward A. Williams  Edward A. Williams & Associates, Ltd.

    Crystal L. Johnson   Law Office of Crystal L. Johnson

(3)    If the party, amicus or intervenor is a corporation:

    i)    Identify all its parent corporations, if any; and

        N/A

    ii)    list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

        N/A

(4)    Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

    N/A

(5)    Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

    N/A

Attorney's Signature: /s/Crystal L. Johnson    Date: 03/19/2020

Attorney's Printed Name: Crystal L. Johnson

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). Yes ☑ No ☐

Address: 9800 Connecticut Drive, Suite B1-301

    Crown Point, IN  46307

Phone Number: 219-213-6774    Fax Number: 219-213-6775

E-Mail Address: crystal@cljlawoffice.com

rev. 12/19 AK

Case: 19-2121   Document: 12   RESTRICTED   Filed: 03/26/2020   Pages: 63

**APPELLANT BRIEF**

**TABLE OF CONTENTS**

Table of Authorities……………………………………………………………...I

Jurisdictional Statement……………………………………………………………1

Statement of Issues……………………………………………………………1

Statement of the Case……………………………………………………………1

Summary of Argument……………………………………………………………3

Argument……………………………………………………………3

Standard of Review……………………………………………………………4

Conclusion……………………………………………………………12

Certificate of Compliance with Type-Volume Limit, Typeface Requirements, and Type-Style Requirements……………………………………………………………13

Proof of Service……………………………………………………………14

Circuit Rule 30(d) Statement………………………………………………...15

Short Appendix……………………………………………………………16

Case: 19-2121     Document: 12     RESTRICTED     Filed: 03/26/2020     Pages: 63

# TABLE OF AUTHORITIES

## STATUTES

16th Amendment of the U.S. Constitution……………………………………………5

26 U.S. Code § 61……………………………………………………………………..9

26 U.S. Code § 6213(a)……………………………………………………………1, 3

26 U.S. Code § 6214(a)…………………………………………………………………1

26 U.S. Code § 7430(b)(1)……………………………………………………………1

Act of August 5, 1861, Chap. XLV, 12 Stat. 29………………………………………5

Fed.R.App.P. Rule 28(a)(8)(B)………………………………………………………4

## OTHER AUTHORITIES

Bible, Matthew 22:19-21 NIV…………………………………………………………5

Bible, Tablet of Ten (10) Laws………………………………………………………4

I

Case: 19-2121     Document: 12     RESTRICTED     Filed: 03/26/2020     Pages: 63

## JURISDICTIONAL STATEMENT

This is a direct appeal from an Order and Decision of the United States Tax Court (*A1*). The jurisdiction of the US Tax Court was invoked pursuant to Internal Revenue Code § 6213(a) and 6214(a). This Appeal is pursuant to a Notice of Appeal, filed on June 7, 2019, under Rule 190 of the US Tax Court. The US Tax Court's final Order and Decision was dated April 24, 2019.

## STATEMENT OF ISSUES

(1)     **Exhaustion of Administrative Remedies.** Whether the US Tax Court's Order and Decision, dated April 24, 2019, is clearly erroneous where the Court concluded that, "We therefore hold that Veal-Hill did not exhaust the administrative remedies available to her within the IRS. This precludes her from any recovery of litigation costs. <u>See</u> sec. 7430(b)(1)."

(2)     **Jurisdiction.** Whether the US Tax Court had jurisdiction to render a decision in regard to Hill's Petition for Attorney's Fees pursuant to Internal Revenue Code § 7430 and Intentional Infliction of Emotional Distress and Other Relief.

## STATEMENT OF THE CASE

This case began on or about August 31, 2015, when Petitioner-Appellant, Pamela E. Veal-Hill ("Hill") received Letter 3573 (*A2*), from the Department of Treasury, Internal Revenue Service ("IRS") signed by Thomas Matias, Examining Officer, we assume Revenue Agent ("RA"), requesting voluminous financial data to conduct an

Case: 19-2121     Document: 12     RESTRICTED     Filed: 03/26/2020     Pages: 63

audit of Hill's 2013 and 2014 Individual Tax Returns, Forms 1040; and, 2013 business tax return, Form 1120S.

Hill submitted all of the requested financial data that her tax preparer, Mr. Sherwin Clark ("Clark"), used to prepare her returns and Hill participated in the audit during the period of investigation by RA.

On or about July 19, 2016, Hill received Letter 950 (*A3*), signed by Carol L. Madison, Director, Midwest Area, Field Exam, stating that RA's audit was concluded and issued an examination report showing proposed changes, resulting in an additional tax liability of approximately $100,000.

At first, Hill was overwhelmed and shocked at the proposed changes that had a response date of August 18, 2016, but after rereading the last paragraph of the correspondence, which stated:

> *"If you don't reply by the response due date*
>
> *We'll process your case based on the proposed changes and send you a notice of deficiency. The notice normally gives you 90 days to either agree to the deficiency or file a petition with the United States Tax Court.  If you petition the Tax Court, you'll generally have the opportunity for a pretrial settlement. If you can't reach a settlement agreement, your case will be heard in court. If you don't file a petition during the 90-day period after you receive the notice of deficiency, we'll assess the amount on the notice of deficiency, and you'll have to pay the full amount you owe or make payment arrangements."*

Hill, a retired Circuit Court Judge (see *A4*, Curriculum Vitae and *A5*, Brief Bio), wisely chose to have the impartiality and expertise of the US Tax Court rather than the IRS. When Hill received the "90 day" Letter dated December 8, 2016 (*A6*), with a response dated of March 8, 2017, she filed a Pro Se Petition (*A7*), on January 23, 2017; and, thereafter Hill wisely retained Edward A. Williams of Edward A. Williams &

Case: 19-2121   Document: 12   RESTRICTED   Filed: 03/26/2020   Pages: 63

Associates, Ltd. and Crystal L. Johnson of Law Office of Crystal L. Johnson to represent her before the US Tax Court.


## SUMMARY OF ARGUMENT


1. The United States Tax Court has jurisdiction over the IRS' determination of a tax deficiency on the date on which a Petition is filed pursuant to Internal Revenue Code § 6213(a).


2. There are no Statutory provisions divesting the Tax Court's jurisdiction once vested.


3. A common law Tort joining the Commissioner of the Internal Revenue as a Respondent and direct cause of the common law Tort, is a separate claim which is properly brought pursuant to Internal Revenue Code § 7430 and is therefore protected from dismissal by the Due Process Clause of the 14th Amendment of the United States Constitution.


## ARGUMENT

The Tax Court's reasons for the denial of Petitioner-Appellant, Pamela E. Veal-Hill's ("Hill"), Motion for Reasonable Litigation or Administrative Costs because of lack of the Court's jurisdiction are at best a spurious sophism. IRC § 6213(a) is clear, unambiguous, and contradicts the Court's reasoning.

On July 17, 2019, Edward A. Williams ("Williams'), attended a two and a half (2 1/2) hour mediation conference (via phone) during which the issue of the Tax Court's

Case: 19-2121    Document: 12    RESTRICTED    Filed: 03/26/2020    Pages: 63

jurisdiction was discussed in great detail. The mediator requested a response from Williams in regard to two questions: 1) Does the US Tax Court have jurisdiction over the above-captioned matter? 2) Why is this matter a litigation risk (hazard)? On August 19, 2019, Williams forwarded the response (*A8*) to Mr. Rocco Spagna, Mediator, and Attorney Julie Ciamporcero Avetta.

This argument will be solely in support of Count II of Hill's Motion for Attorney's Fees pursuant to Internal Revenue Code § 7430 and Intentional Infliction of Emotional Distress and Other Relief

## STANDARD OF REVIEW

This Court reviews the US Tax Court's denial of Hill's Motion for Reasonable Litigation or Administrative Costs (June 25, 2018) (*A1*) and Motion for Leave to File Reply to Respondent's Response to Motion for Reasonable Litigation or Administrative Costs (April 4, 2019) (*A1*) under the *clearly erroneous standard*.

Pursuant to Fed.R.App.P. Rule 28(a)(8)(B), Petitioner-Appellant, Hill states as follows:

Every legal scholar, common man, and woman knows that our Western culture and laws are premised upon the Jewish/Christian Ethic. That Ethic is printed on our money; "In God We Trust".

This Ethic began when God gave a Black man from Egypt, named Moses, on top of a hill named Mount Sinai, a Tablet of Ten (10) Laws to govern the Jewish people and its institutions.

One of the laws was succinctly stated:

4

"Thou Shall Not Steal".

Thereafter, a Jewish man named Jesus Christ told the Jews and all people, *"19 Show me the coin used for paying the tax." They brought him a denarius, 20 and he asked them, "Whose image is this? And whose inscription?" 21 "Caesar's," they replied. Then he said to them, "So give back to Caesar what is Caesar's, and to God what is God's"* (Matthew 22:19-21). Jesus did not say what he or Caesar should receive but, the unarticulated premise must be:

"Thou Shall Not Steal".

The first Federal Statute to provide for a personal income tax was The Revenue Act of 1861(formally cited as Act of August 5, 1861, Chap. XLV, 12 Stat. 29), which was enacted to finance the Civil War and was repealed in 1872.

The Sixteenth (16th) Amendment was enacted in 1913, 50 years after the "Civil Rights Amendments" of the 1860s; particularly, the Fourteenth (14th) Amendment. The Sixteenth (16th) Amendment gave Congress the power to lay and collect taxes on incomes, from whatever sources derived, without apportionment among the several States and without regard to any census or enumeration.

The Sixteenth (16th) Amendment also created the United States Tax Court and the Administrative Agency, Internal Revenue Service ("IRS"), with the "Power" to determine and collect taxes, and "Punish" Taxpayers criminally and civilly, for the failure to report their income and proper, pursuant to Statutes, deductible expenses voluntarily and accurately.  The Commissioner is the person who is the head of the IRS and therefore the Respondent in any suits against the IRS.

Case: 19-2121   Document: 12   RESTRICTED   Filed: 03/26/2020   Pages: 63

The US Tax Court is a judicial arm and is the sole Court of Appeal for disputes arising within the IRS. It also has the jurisdiction and Duty to correct any errors of the IRS that collects more than their fair share of taxes, as dictated by the implicit Commandment:

"Thou Shall Not Steal".

The Commissioner has the "God given Duty" and, therefore has the highest standard of conduct in discharging that one Duty, as opposed to the standard of "vicarious liability" imposed upon the United States of America for Torts committed by its Agents. Those Torts are appropriately filed pursuant to the Federal Tort Claims Act and are heard in the US District Courts.

That is why the factual and direct liability issues created by the action of IRS employees must be heard in the US Tax Court. The IRS employs agents to handle different aspects of the functions of its mission, to lay and collect the correct amount of taxes from its citizens; and, Revenue Agents (RA) determine and assess the **correct** amount of taxable income through its power to audit returns filed voluntarily or not. That is the reason that tax professionals refer to RAs as the "United States Marine Corps" of the IRS.

Revenue Officers ("RO") function is to collect taxes after the amounts are assessed by the IRS, whether the amounts are correct or not in that the figures may change subject to an audit by a RA.

Before I discuss further the Duty and breach thereof by the Commissioner, I must impose upon the Record a brief soliloquy of my personal and professional experience in the accounting professions with the people, practices, and procedures of the IRS during my 56 years of practice, first as a CPA in 1964; and, thereafter, an attorney in 1967.

6

Case: 19-2121      Document: 12      RESTRICTED      Filed: 03/26/2020      Pages: 63

I was born in Chicago, IL, in 1940 and raised in the Robert Brooks Public Housing Project which was three blocks North of the "South Water Market" ("The Street") at 14th-16th South Racine; and, I attended St. Joseph, an all-Black Catholic grammar school located at 1413 S. Loomis, three blocks West of The Street and in the "Back Yard" of Holy Family Catholic Parish.

My grandfather and father were AME Methodist ministers who immigrated from the slave state of Mississippi during the Great Migration of Blacks to Chicago at the dawn of the First World War and we were raised by their Ethics: "Bible and Work". My brother and I were awake each morning at 4am to Work as assistant janitors for our dad (without pay).

When I was six (6) years old, I began my schooling at St. Joseph school with my then only brother who is three (3) years older than me. When I was eight (8) years old, he and I were responsible for cleaning the offices at West Lawn Produce Co. while our dad cleaned other offices on The Street.

My dad and the bookkeeper for West Lawn, Joseph G. Gordon ("Uncle Joe"), a Reform Jew, would discuss their religion while I cleaned the offices and they became friends. When I was ten (10) years old, Uncle Joe gave me his 1918  Accounting 101 book and told me to read the book and I could become his assistant and he would teach me accounting, and I did and he did.

I went to DePaul College of Commerce in September 1957, fresh out of the 1st Trumpet Chair of the John Marshall High School Band and Orchestra, with the intention of majoring in music with a minor in accounting; but my dad had his first heart attack and my older brother enlisted in the Marine Corp the year before.  Luckily, I still worked for Uncle Joe as an assistant bookkeeper and earned enough to take care

Case: 19-2121    Document: 12    RESTRICTED    Filed: 03/26/2020    Pages: 63

of my family (my mother, eight sisters, and one younger brother); and, albeit on installments, pay tuition at DePaul.

I switched my major to accounting and discovered that I was the only Black student majoring in accounting at the College of Commerce.  Luckily, I became friends with two people in the top of the class that I knew were smarter than me, Ian H. Levin and Charles P. Kocoras.  Also, I knew Michael Gordon, whose family owned a store on The Street.

All of them had as their academic plans to obtain degrees in accounting because it was required for the Revenue Agent position. Also, it was the cheapest Masters degree in the Tax program, in that you were able to work at the IRS for at least three (3) years and receive compensation.

Upon graduation in 1962, I chose to sit for the CPA exam because it was my way of thanking Uncle Joe for giving me my first Accounting book and job. Also, because I could not afford to take care of my family on an IRS RA salary limitation and because at that time and I believe it is now, that although you are successful and earn a CPA certificate, the candidate must serve a one (1) year internship with a licensed CPA before the candidate could practice for the public.

I was successful and earned the CPA certificate during September 1963 and went to DePaul's job fair and applied with Arthur Anderson & Co. (the Marine Corp of the Accounting firms) to serve my internship but was denied employment due to the color of my skin.

That incident was the reason why I investigated the accounting profession and discovered that the Uniform Licensing Statute was enacted in 1923 and in 1963, I was #84 of the first 100 Blacks in the United States and #23 of the first 100 in the State of Illinois to

Case: 19-2121   Document: 12   RESTRICTED   Filed: 03/26/2020   Pages: 63

pass the CPA exam and become licensed to practice. I immediately enrolled in DePaul's Law School in September 1963.

I also told Uncle Joe of the incident and he told me about the anti-Semitism in the accounting profession and called his classmate, Mr. Alexander Eulenberg, who co-authored the 1939 Federal Income Tax Act and was the managing partner of the predominately Jewish CPA Firm, David M. Himmelblau & Co.

Uncle Joe told him (in Yiddish) that he trained me, a Black man; and, I was hired later that day. Thereafter, I obtained my Illinois license after 1 year and a day of accepting the job.

While in law school, I began my part-time professional practice as a CPA before the IRS on behalf of my community in 1964 and was admitted to the Illinois Bar in 1967 while employed in Corporate America (because they reimbursed the tuition for law school).

During my 56 years as a CPA/Attorney, I have never encountered a RA that presented the **extreme and outrageous** facts that I now address.

On August 24, 2018, Commissioner filed Respondent's Response to Hill's Motion for Attorney's Fees pursuant to Internal Revenue Code § 7430 and Intentional Infliction of Emotional Distress and Other Relief and included a copy of 26 US Code § 61 - Gross Income defined (pertinent parts in *A9*) which I know includes and states that "Gross Income means all income from whatever source derived…." It does not provide for or list a specific item, Other Income as the Commissioner states in its Respondent's Response to Hill's Motion for Attorney's Fees and lists in *Exhibit "E"* Form 4549-A – 0027 "Other Income" at $81,237 and a totally false explanation of the item *Exhibit "E"* – 0029 (*A10*).

Case: 19-2121     Document: 12     RESTRICTED     Filed: 03/26/2020     Pages: 63

On September 5, 2018, Hill filed a Motion for Proposed Amendment to the Petitioner's Motion for Attorney's Fees pursuant to Internal Revenue Code § 7430 and Intentional Infliction of Emotional Distress and Other Relief (*A11*). Included in Hill's Motion as *Exhibit "I"* is RA's working paper which he reflects $66,000, approximately 81% of other income of $81,719.30 is an "unreconciled deposit".

Hill's September 5, 2018 Motion clearly shows RA's lack of basic accounting skills and his lack of job responsibility as a RA to reconcile all unreconciled items because, it is the Burden of Proof for the government to prove income, otherwise they violate the basic commandment:

"Thou Shall Not Steal".

First, RA did not sustain his burden of proof of unreconciled income as indicated in his own working papers and shows his total lack of knowledge of basic accounting principles and auditing procedures.

Second, the report also shows that he also lacked "common sense" which is the elementary requirement for all federal Agents who have the "God given Duty". RA should have known that the Taxpayer was not Al Capone.

RA should have known that the "Al Capone" theory of determining unreported income is premised on a presumption of known illegal activities and the correct "calculation" by RAs of such income from those activities which is taxable.

If RAs like Kocoras, Levin, and Gordon had been supervising the RA, they would not have allowed a Report to be issued in the first place.

Case: 19-2121   Document: 12   RESTRICTED   Filed: 03/26/2020   Pages: 63

Finally, the audit report prepared by RA and approved by his supervisor shows a total lack of knowledge and therefore is the strict proof of the beach of the Commissioner's Duty, which is the seminal seed for the Tort of Intent and the direct causation was the Report itself.

Case: 19-2121   Document: 12   RESTRICTED   Filed: 03/26/2020   Pages: 63

## CONCLUSION

Accordingly, Hill respectfully asks this Court to reverse and remand for a Hearing on Count II of IRC § 7430 the US Tax Court's Order and Decision of April 24, 2019 denying her June 25, 2018 Motion for Reasonable Litigation or Administrative Costs and April 4, 2019 Motion for Leave to File Reply to Respondent's Response to Motion for Reasonable Litigation or Administrative Costs.

Dated: March 19, 2020          PAMELA E. VEAL-HILL,
                                PETITIONER-APPELLANT


                                EDWARD A. WILLIAMS & ASSOCIATES, LTD.

                                /s/Edward A. Williams
                                Edward A. Williams
                                1 S. Leavitt St, Unit 207 Chicago, IL  60612
                                Phone: (312)754-0109 Fax: (312)600-6112
                                Email: eawassociates@att.net

                                LAW OFFICE OF CRYSTAL L. JOHNSON, LLC

                                /s/Crystal L. Johnson
                                Crystal L. Johnson
                                9800 Connecticut Dr, Crown Point, IN 46307
                                Phone: (219)213-6774 Fax: (219)213-6775

                                Attorneys for the
                                Petitioner-Appellant, Pamela E. Veal-Hill

Case: 19-2121      Document: 12      RESTRICTED      Filed: 03/26/2020      Pages: 63

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT, TYPEFACE REQUIREMENTS, AND TYPE-STYLE REQUIREMENTS**

This document complies with the type-volume limit of Fed. R. App. P. 32(a)(7)(B), the word limit of Fed. R. App. P. 5(c)(1) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) this document contains <u>2880</u> words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Micro Soft Word in 12 points and Book Antiqua font.

Dated: March 19, 2020          EDWARD A. WILLIAMS & ASSOCIATES, LTD.

<u>/s/Edward A. Williams</u>
Edward A. Williams
1 S. Leavitt St, Unit 207 Chicago, IL  60612
Phone: (312)754-0109 Fax: (312)600-6112
Email: <u>eawassociates@att.net</u>

LAW OFFICE OF CRYSTAL L. JOHNSON, LLC

<u>/s/Crystal L. Johnson</u>
Crystal L. Johnson
9800 Connecticut Dr, Crown Point, IN 46307
Phone: (219)213-6774 Fax: (219)213-6775
Email: <u>crystal@cljlawoffice.com</u>

Attorneys for the
Petitioner-Appellant, Pamela E. Veal-Hill

**PROOF OF SERVICE**

The undersigned, counsels for the Petitioner-Appellant, Pamela E. Veal-Hill, hereby certify that on March 19, 2020, we electronically filed the Brief and Circuit Rule 30(a) Appendix with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. We certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

Dated: March 19, 2020                EDWARD A. WILLIAMS & ASSOCIATES, LTD.

/s/Edward A. Williams
Edward A. Williams
1 S. Leavitt St, Unit 207 Chicago, IL  60612
Phone: (312)754-0109  Fax: (312)600-6112
Email: eawassociates@att.net

LAW OFFICE OF CRYSTAL L. JOHNSON, LLC

/s/Crystal L. Johnson
Crystal L. Johnson
9800 Connecticut Dr, Crown Point, IN 46307
Phone: (219)213-6774 Fax: (219)213-6775
Email: crystal@cljlawoffice.com

Attorneys for the
Petitioner-Appellant, Pamela E. Veal-Hill

**CIRCUIT RULE 30(d) STATEMENT**

Pursuant to Circuit Rule 30(d), counsels certify that all material required by Circuit Court Rule 30(a) and (b) are respectfully included in the Appendix.

EDWARD A. WILLIAMS & ASSOCIATES, LTD.

/s/Edward A. Williams
Edward A. Williams
1 S. Leavitt St, Unit 207 Chicago, IL  60612
Phone:(312)754-0109  Fax: (312)600-6112
Email: eawassociates@att.net

LAW OFFICE OF CRYSTAL L. JOHNSON, LLC

/s/Crystal L. Johnson
Crystal L. Johnson
9800 Connecticut Dr, Crown Point, IN 46307
Phone: (219)213-6774 Fax: (219)213-6775
Email: crystal@cljlawoffice.com

Attorneys for the
Petitioner-Appellant, Pamela E. Veal-Hill

Case: 19-2121    Document: 12    RESTRICTED    Filed: 03/26/2020    Pages: 63

# TABLE OF CONTENTS TO REQUIRED

## SHORT APPENDIX

1.  US Tax Court's Order & Decision dated April 24, 2019…………………A1

2.  Department of Treasury, Internal Revenue Service Letter 3573
    dated August 31, 2015……………………………………………………A2

3.  Department of Treasury, Internal Revenue Service Letter 950
    dated July 19, 2016……………………………………………….………A3

4.  Honorable Judge Pamela E. Hill-Veal's (ret.) Curriculum Vitae……....A4

5.  Honorable Pamela Hill-Veal's Brief Bio…………………………………..A5

6.  Internal Revenue Service "90 day" Letter dated December 8, 2016……A6

7.  Hill's Pro Se Petition dated January 23, 2017…………………………....A7

8.  Response dated August 19, 2019 to Rocco Spagna, Mediator, &
    Attorney Julie Ciamporcero Avetta………………………………………A8

9.  26 U.S. Code § 61. Gross Income defined………………………………..A9

10. Respondent's Exhibit "E" Form 4549-A "Other Income"..……………A10

11. Motion for Proposed Amendment to the Petitioner's Motion for
    Attorney's Fees pursuant to Internal Revenue Code § 7430 and
    Intentional Infliction of Emotional Distress and Other Relief…………A11

Case: 19-2121    Document: 13    Filed: 03/19/2020    Pages: 63
Case: 19-2121    Document: 12    RESTRICTED    Filed: 03/26/2020    Pages: 63

CT

**UNITED STATES TAX COURT**
**WASHINGTON, DC 20217**

PAMELA E. VEAL-HILL,

      Petitioner

      v.

COMMISSIONER OF INTERNAL REVENUE,

      Respondent

Docket No. 1517-17.

## <u>ORDER AND DECISION</u>

In this Order, we refer to the petitioner as Veal-Hill.  We refer to the respondent as the IRS.  All section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

<u>Background</u>

Veal-Hill filed federal tax returns for tax years 2013 and 2014.  The IRS examined the returns.

On or about July 19, 2016, the IRS issued 30-day letters showing the IRS's proposed changes resulting from the examination.  The letters indicated that if Veal-Hill did not agree with the proposed changes, she could file a written protest with the Office of Appeals.  Veal-Hill did not respond to the 30-day letters.

On December 8, 2016, the IRS mailed Veal-Hill a notice of deficiency determining a deficiency of $49,574 for 2013, a section 6662(a) penalty of $9,914.80 for 2013, a deficiency of $20,291 for 2014, and a section 6662(a) penalty of $4,058.20 for 2014.

On January 23, 2017, Veal-Hill filed a timely petition with the Tax Court for redetermination of the deficiencies and penalties for 2013 and 2014.

On January 22, 2018, Veal-Hill and the IRS filed a stipulation of settled issues that stated that it was a "binding settlement resolving all of the issues in the

**SERVED Apr 24 2019**

A1

Case: 19-2121    Document: 12    RESTRICTED    Filed: 03/26/2020    Pages: 63
- 2 -

case, except for petitioner's claim for litigation and administrative costs pursuant to T.C. Rule 231." As part of the stipulation of settled issues, Veal-Hill and IRS counsel agreed that the deficiency for 2013 was $294, the deficiency for 2014 was $262, and that no penalties were due for 2013 or 2014.

On March 19, 2018, the IRS filed a motion for entry of decision. The IRS requested the Court enter a decision in the amounts agreed to in the January 22, 2018 stipulation of settled issues. The Court reserved ruling on the motion for entry of decision.

On June 25, 2018, Veal-Hill filed a motion for reasonable litigation or administrative costs. In her motion she sought to recover, under section 7430, $44,368.50 in costs of the litigation of her case in the Tax Court. In her motion she also sought recovery under the common-law tort of intentional infliction of emotional distress. She alleged that the IRS intentionally inflicted emotional distress on her through the examination and the notice of deficiency.

On August 24, 2018, the IRS filed a response to Veal-Hill's motion for reasonable litigation or administrative costs. In part III.B of the response, the IRS contended that Veal-Hill cannot recover reasonable litigation costs under section 7430 because she had not exhausted her administrative remedies as required by section 7430(b)(1). In particular, the IRS contended that Veal-Hill failed to file a written protest in response to the 30-day letters that were issued to her. In part IV of the response, the IRS contended that the Tax Court does not have jurisdiction over Veal-Hill's claim for intentional infliction of emotional distress.

On September 5, 2018, Veal-Hill filed an amendment to her June 25, 2018 motion. In this amendment, Veal-Hill stated that she sought $896,553.69 of damages, an amount that included the $44,368.50 she sought for the costs of litigation of her case in the Tax Court.

On October 4, 2018, the IRS filed an amended answer to Veal-Hill's September 5, 2018 amendment. The IRS stated again that the Court does not have jurisdiction over Veal-Hill's claim for intentional infliction of emotional distress.

On March 4, 2019, the Court ordered Veal-Hill to file a reply to the IRS's August 24, 2018 response. The Court required Veal-Hill's reply to be limited to "whether petitioner has satisfied section 7430(b)(1)." The order explained the reason for the limitation:

On August 24, 2018, the IRS filed a response to Veal-Hill's motion
for reasonable litigation or administrative costs.  In part III.B of the
response, the IRS contended that Veal-Hill cannot recover
reasonable litigation costs under section 7430 because she did not
exhaust her administrative remedies as required by section
7430(b)(1).  In particular, the IRS contended that Veal-Hill failed
to file a written protest in response to the 30-day letter[1] that was issued
to her at the end of the examination.

And:

Veal-Hill cannot recover reasonable litigation costs unless section
7430(b)(1) is satisfied.  The Court desires Veal-Hill to address this
threshold issue before it considers any other aspect of her motion for
reasonable litigation or administrative costs.

The reply was due April 4, 2019.

On April 4, 2019, Veal-Hill filed a motion essentially asking for a
continuance of the April 4, 2019 deadline for her to file her reply regarding section
7430(b)(1).  Attached to the motion was a letter Veal-Hill had written to the IRS
on April 2, 2019, two days before the motion was filed, titled "Protest and Request
for Appeals Conference".  The letter stated that "the Petitioner's Forms 1040 for
the calendar years 2013 and 2014 are the subject of this Protest and Request".  The
letter also stated that "Petitioner verily believes that she is entitled to each item that
is contained in her Motion for Attorney's Fees Pursuant to Internal Revenue Code
§ 7430 and Intentional Infliction of Emotional Distress and Other Relief."  Thus,
Veal-Hill's April 2, 2019 letter asked the IRS to do two things:  first, to consider
her tax liabilities for 2013 and 2014 (even though IRS counsel had already settled
the liabilities through the January 22, 2018 stipulation of settled issues) and
second, to consider the merits of her claim for litigation costs (even though this
claim was pending before this Court in the form of her June 25, 2018 motion).

---

[1]In actuality there were two 30-day letters, one for the 2013 year, and one
for the 2014 year.

Case: 19-2121    Document: 13    Filed: 03/19/2020    Pages: 63
Case: 19-2121    Document: 12    RESTRICTED    Filed: 03/26/2020    Pages: 63

- 4 -

<u>Discussion</u>

Section 7430(a) provides that the prevailing party in any federal tax proceeding may be awarded reasonable administrative costs and reasonable litigation costs.  However, section 7430(b)(1) provides that no judgment for reasonable litigation costs may be awarded in any court proceeding unless the court determines that the prevailing party has exhausted administrative remedies within the IRS.

Rule 231(a)(2) provides:

Where a party has substantially prevailed * * * and wishes to claim reasonable litigation or administrative costs, and there is no agreement as to that party's entitlement to such costs, a claim shall be made by motion filed * * * (C) after the parties have settled all issues in the case other than litigation and administrative costs.

The IRS argued that Veal-Hill's failure to file a written protest with the IRS in response to the July 19, 2016 30-day letters meant that Veal-Hill had failed to exhaust her administrative remedies.  Veal-Hill's April 4, 2019 court paper does not address argument directly.  Instead it suggests that Veal-Hill's April 2, 2019 "Protest and Request for Appeals Conference" is an attempt to seek her administrative remedies for the adjustments proposed in the 30-day letter.  Such a suggestion is wrong.  There are no longer any administrative remedies available to Veal-Hill.  Her case before this Court involved the issues of the correct amount of deficiencies and penalties for tax years 2013 and 2014.  These issues have been resolved by the January 22, 2018 stipulation of settled issues.  There is nothing further for the administrative agency to remedy.  We therefore hold that Veal-Hill did not exhaust the administrative remedies available to her within the IRS.  This precludes her from any recovery of litigation costs.  <u>See</u> sec. 7430(b)(1).  Therefore, we will deny Veal-Hill's June 25, 2018 motion, which seeks litigation costs under section 7430(a)(2).

(Although her June 25, 2018 motion also seeks damages under the common-law tort of intentional infliction of emotional distress, we do not have jurisdiction over that claim.  <u>See</u> sec. 7442; <u>Chocallo v. Commissioner</u>, T.C. 2004-152, at 6-7.)

It is

ORDERED that petitioner's December 20, 2017 motion for leave to file petition for attorneys' fees is granted nunc pro tunc as of May 7, 2018.  It is further

ORDERED that petitioner's June 25, 2018 motion for reasonable litigation or administrative costs is denied.  It is further

ORDERED that petitioner's April 4, 2019 motion for leave to file reply to respondent's response to motion for reasonable litigation or administrative costs is denied.  It is further

ORDERED that respondent's March 19, 2018 motion for entry of decision is granted; and it is

ORDERED and DECIDED that there are deficiencies due from petitioner for the taxable years 2013 and 2014, in the amounts of $294 and $262, respectively; and

That there are no penalties due from petitioner, under the provisions of I.R.C. § 6662(a), for the tax years 2013 and 2014.



**(Signed) Richard T. Morrison**
**Judge**


ENTERED:    **APR 24 2019**

**Internal Revenue Service**
Small Business and Self-Employed
230 S. Dearborn
Room 2550, Stop 4612
Chicago IL 60604-1689


Pamela E Hill LLC
1700 E 56th Street STE 2307
Chicago IL 60637

**Department of the Treasury**

Date:
August 31, 2015
Taxpayer Identification Number:

Tax Year:
201312
Form Number:
1120S
Person to Contact:
THOMAS MATIAS
Employee Identification Number:
1000888002
Contact Telephone Number:
312-292-2336
Fax Number:
866-673-4177

## CONFIRMATION

Dear Pamela E Hill LLC:

This letter is provided to confirm an appointment to examine your federal income tax return for the year(s) shown above.

Place: 401 South LeSalle
Suite 800-X
Chicago IL 60605

Date: September 29, 2015

Time: 9:00 AM

WHAT TO EXPECT AT THE EXAMINATION

The examination is scheduled to last approximately 6 hours. During the examination, I will review the items requested in the Information Document Request previously sent to you. It is important that you bring all the items listed on the Information Document Request to the appointment. My goal is to complete your examination at the initial meeting. However, depending on the results of this initial meeting and the supporting items you provide, I may ask you to provide additional items and/or schedule a follow-up meeting. At the completion of the examination, you may owe additional tax, be due a refund. or there may be no change to your return.

A video presentation, "Your Guide to an IRS Audit", is available at http://www.irsvideos.gov/audit. The video explains the examination process and will assist you in preparing for your audit.

**Letter 3573 (Rev. 10-2010)**
Catalog Number 34403N

## WHO MAY COME TO THE EXAMINATION

If you filed a joint return, you and/or your spouse may attend. You may also have someone represent you at the examination. If you will not attend with your representative, you must provide a completed Form 2848, *Power of Attorney,* or Form 8821, *Tax Information Authorization,* by the start of the examination. You can obtain these forms from our office, from our web site, www.irs.gov, or by calling (800) 829-3676.

## WHAT WILL HAPPEN IF YOU DO NOT KEEP THE APPOINTMENT

If you do not keep your appointment or provide the requested records, we will issue an examination report showing additional tax due. Therefore, it is to your advantage to keep your appointment and provide the records. If you are uncertain about the records needed or the examination process, please do not hesitate to call the phone number listed above.

Sincerely,

Thomas P Matias
Examining Officer
1000888002

Enclosures:

WHO MAY COME TO THE EXAMINATION

If you filed a joint return, you and/or your spouse may attend.  You may also have someone represent you at the examination.  If you will not attend with your representative, you must provide a completed Form 2848, *Power of Attorney*, or Form 8821, *Tax Information Authorization*, by the start of the examination.  You can obtain these forms from our office, from our web site, www.irs.gov, or by calling (800) 829-3676.

WHAT WILL HAPPEN IF YOU DO NOT KEEP THE APPOINTMENT

If you do not keep your appointment or provide the requested records, we will issue an examination report showing additional tax due.  Therefore, it is to your advantage to keep your appointment and provide the records.  If you are uncertain about the records needed or the examination process, please do not hesitate to call the phone number listed above.

Sincerely,


Thomas P Matias
Examining Officer
1000888002

Enclosures:

| Form **4564** | Department of the Treasury – Internal Revenue Service | | Request Number |
|---|---|---|---|
| (Rev. September 2006) | **Information Document Request** | | 0001 |

| To: *(Name of Taxpayer and Company Division or Branch)* | Subject | |
|---|---|---|
| PAMELA E VEAL-HILL | IDR 1 | |
| | SAIN number | Submitted to: |
| | | PAMELA E VEAL-HILL |
| Please return Part 2 with listed documents to requester identified below | Dates of Previous Requests (mmddyyyy) | |

Description of documents requested

Tax Period(s):   201312

## Please provide the following documents at the initial interview

- Pensions & Annuities
  - Provide all 1099-R's
- IRA Distributions
  - Provide all 1099-R's
- Schedule E-Rental-241 Dyer, Hammond, IN 46320
  - Provide; Property Tax Bills, 1098, monthly bank records (December 1st 2012 thru January 31st, 2015), lease agreement, HUD from purchase and any refinancing documents.
  - Classified issues on Schedule E:
    - Gross Receipts
    - Depreciation
- Schedule E-Non Passive losses
  - Provide all tax returns for any business entity that the Taxpayer owns more than 20% of the entity.
  - Provide all K-1's issued to the Taxpayer
- 2013 and 2014 Personal Tax Returns
- W-2's
- 1098's
- Charitable Contribution Letters for all Charitable Contributions

## Additional documentation will be requested as needed.

| Information due by   08/28/2015 | | At next appointment  [X]   Mail in [ ] | | |
|---|---|---|---|---|
| From: | Name and Title of Requester | | Employee ID number | Date (mmddyyyy) |
| | Thomas P Matias, SB/SE Revenue Agent | | 1000888002 | 08/17/2015 |
| | Office Location:   230 S. Dearborn | | | Phone: 312-292-2336 |
| | | Room 2550, Stop 4612 | | Fax: 866-673-4177 |
| | | Chicago, IL 60604-1689 | | |

| Catalog Number 23145K | www.irs.gov | Part 3 – Requester's File Copy | Form **4564** (Rev. 9-2006) |
|---|---|---|---|

**Internal Revenue Service**
Small Business and Self-Employed
230 S. Dearborn
Room 2550, Stop 4612
Chicago IL 60604-1689

PAMELA E VEAL-HILL
1081 W 108TH ST
CHICAGO IL 60643-3722

**Department of the Treasury**

**Date:**
August 31, 2015
**Taxpayer Identification Number:**
~~redacted~~

Tax Year:
201412
**Form Number:**
1040
**Person to Contact:**
THOMAS MATIAS
**Employee Identification Number:**
1000888002
**Contact Telephone Number:**
312-292-2336
**Fax Number:**
866-673-4177

**CONFIRMATION**

Dear PAMELA E VEAL-HILL:

This letter is provided to confirm an appointment to examine your federal income tax return for the year(s) shown above.

Place: 401 S LeSalle St
Suite 800-X
Chicago IL 60605

Date: September 29, 2015

Time: 9:00 AM

### WHAT TO EXPECT AT THE EXAMINATION

The examination is scheduled to last approximately 6 hours. During the examination, I will review the items requested in the Information Document Request previously sent to you. It is important that you bring all the items listed on the Information Document Request to the appointment. My goal is to complete your examination at the initial meeting. However, depending on the results of this initial meeting and the supporting items you provide, I may ask you to provide additional items and/or schedule a follow-up meeting. At the completion of the examination, you may owe additional tax, be due a refund, or there may be no change to your return.

A video presentation, "Your Guide to an IRS Audit", is available at http://www.irsvideos.gov/audit. The video explains the examination process and will assist you in preparing for your audit.

**Letter 3573 (Rev. 10-2010)**
Catalog Number 34403N

## WHO MAY COME TO THE EXAMINATION

If you filed a joint return, you and/or your spouse may attend. You may also have someone represent you at the examination. If you will not attend with your representative, you must provide a completed Form 2848, *Power of Attorney*, or Form 8821, *Tax Information Authorization*, by the start of the examination. You can obtain these forms from our office, from our web site, www.irs.gov, or by calling (800) 829-3676.

## WHAT WILL HAPPEN IF YOU DO NOT KEEP THE APPOINTMENT

If you do not keep your appointment or provide the requested records, we will issue an examination report showing additional tax due. Therefore, it is to your advantage to keep your appointment and provide the records. If you are uncertain about the records needed or the examination process, please do not hesitate to call the phone number listed above.

Sincerely,

Thomas P Matias
Examining Officer
1000888002

Enclosures:

**Letter 3573 (Rev. 10-2010)**
Catalog Number 34403N

## WHO MAY COME TO THE EXAMINATION

If you filed a joint return, you and/or your spouse may attend. You may also have someone represent you at the examination. If you will not attend with your representative, you must provide a completed Form 2848, *Power of Attorney*, or Form 8821, *Tax Information Authorization*, by the start of the examination. You can obtain these forms from our office, from our web site, www.irs.gov, or by calling (800) 829-3676.

## WHAT WILL HAPPEN IF YOU DO NOT KEEP THE APPOINTMENT

If you do not keep your appointment or provide the requested records, we will issue an examination report showing additional tax due. Therefore, it is to your advantage to keep your appointment and provide the records. If you are uncertain about the records needed or the examination process, please do not hesitate to call the phone number listed above.

Sincerely,

Thomas P Matias
Examining Officer
1000888002

Enclosures:

| Form **4564**<br>(Rev. September 2006) | Department of the Treasury – Internal Revenue Service<br>**Information Document Request** | Request Number<br>0001 |
|---|---|---|

| To: (Name of Taxpayer and Company Division or Branch)<br>Pamela E Hill LLC | Subject<br>IDR 1 | |
| | SAIN number | Submitted to:<br>Pamela E Hill LLC |
| Please return Part 2 with listed documents to requester identified below | Dates of Previous Requests (mmddyyyy) | |

Description of documents requested

Tax Period(s):    201312; 201412

### Please provide the following items for inspection at the initial appointment:

1. Copy of your signed Form 2553 (S Corporation Election)

2. Copies of the 201312 and 201412 (if filed) Corporate Federal Tax Returns (1120S).

3. Copies of all K-1s issued by the corporation for 201312 and 201412 tax years.

4. 201312 Shareholder's Federal Tax Returns (1040) for each corporate officer and/or shareholder owing directly or indirectly 20 percent or more of the corporation's voting stock.

5. Each Federal Income Tax Return Forms 1065, 1120, or 1120S of those corporations or partnerships controlled by your corporation or its shareholders for 201312.

6. The following information for 201312:
   a.   Forms 940 and 941
   b.   W-2's, W-3's, and W-4's
   c.   1099's (information returns filed)
   d.   1096's (Annual Summary and Transmittal of U.S. Information Returns)

7. Shareholder's basis computations and At Risk computations for the 201312 tax year.

8. Schedule of distributions made to the shareholders in 201312.

9. Corporate minute book and stock certificate record.

10. Original accounting records and books, as applicable:

   a.   General Ledger / Subsidiary Ledger (i.e. Sales, Purchases, Account Receivables, Account Payables)
   b.   General Journal / Subsidiary Journal (i.e. Sales, Purchases, Account Receivables, Account Payables)

| Information due by   08/28/2015 | At next appointment   [X]   Mail in   [ ] | |
|---|---|---|
| **From:** | Name and Title of Requester<br>Thomas P Matias, SB/SE Revenue Agent | Employee ID number<br>1000688002 | Date (mmddyyyy)<br>08/18/2015 |
| | Office Location:   230 S. Dearborn<br>Room 2550, Stop 4612<br>Chicago, IL 60604-1689 | | Phone: 312-292-2336<br>Fax: 866-673-4177 |

| Catalog Number 23145K | www.irs.gov | Part 3 - Requester's File Copy | Form **4564** (Rev. 9-2006) |

| Form **4564**<br>(Rev. September 2006) | Department of the Treasury – Internal Revenue Service<br>**Information Document Request** | Request Number<br>0001 |
|---|---|---|

| To: *(Name of Taxpayer and Company Division or Branch)*<br>Pamela E Hill LLC | Subject<br>IDR 1 | |
|---|---|---|
| | SAIN number | Submitted to:<br>Pamela E Hill LLC |
| *Please return Part 2 with listed documents to requester identified below* | Dates of Previous Requests (mmddyyyy) | |

Description of documents requested

Tax Period(s):   201312; 201412

   c.   Cash receipts journal (records of business income) i.e. Check Register
   d.   Cash disbursements journal (records of business expenses)
   e.   Sales and purchases journals and ledgers
   f.   Listings of the Beginning and Ending Balances for Account Receivables and Account Payables

11. All Invoices and/or financing statements for major business assets purchased and/or sold in 201312.

12. Accountant's workpapers regarding:
   a.   Year-end worksheet reconciling books to return
   b.   Year-end Adjusting Journal Entries and Closing Entries
   c.   Year-end Bank Reconciliation
   d.   Cost of Goods Sold
   e.   Copies of financial statements
   f.   Beginning and Ending Inventory Valuations
   g.   Copies of Financial Statements Prepared By Third Parties
   h.   Trial Balance
   i.   Chart of Accounts
   j.   Depreciation Schedule

13. Copies of correspondence with IRS for the year 201312.

14. Records of all business loan activity proceeds and payments.

14. Copies of all Credit Card Statements, including Credit Card Advances.
   a. From December 1, 2012 to January 31, 2014

15. Gross Receipts
   a.   All books, journals, ledges and work papers used in determining gross receipts.
   b.   All bank statements and cancelled checks (From 12/1/2012 to 1/31/2014).
   c.   Records of all business loan activity proceeds and payments.
   d.   Copies of state sales tax returns for review during the exam.

Information due by   08/28/2015          At next appointment  [X]   Mail in [ ]

| From: | Name and Title of Requester<br>Thomas P Matias, SB/SE Revenue Agent | Employee ID number<br>1000888002 | Date (mmddyyyy)<br>08/18/2015 |
|---|---|---|---|
| | Office Location:  230 S. Dearborn<br>Room 2550, Stop 4612<br>Chicago, IL 60604-1889 | | Phone: 312-292-2336<br>Fax: 866-673-4177 |

| Form **4564**<br>(Rev. September 2006) | Department of the Treasury – Internal Revenue Service<br>## Information Document Request | Request Number<br>0001 |
|---|---|---|

| To: *(Name of Taxpayer and Company Division or Branch)*<br>Pamela E Hill LLC | Subject<br>IDR 1 | |
|---|---|---|
| | SAIN number | Submitted to:<br>Pamela E Hill LLC |
| *Please return Part 2 with listed documents to requester identified below* | Dates of Previous Requests (mmddyyyy) | |

Description of documents requested

Tax Period(s):    201312: 201412

**Classified Issues**
- Gross Receipts
  - o Income Ledger
- Depreciation
  - o Bring invoice/HUD from purchase of assets being depreciated on return for Revenue Agent to Review.

**Additional documentation will be requested as needed.**

| Information due by   08/28/2015 | At next appointment [X]   Mail in [ ] | |
|---|---|---|

| From: | Name and Title of Requester<br>Thomas P Matias, SB/SE Revenue Agent | Employee ID number<br>1000888002 | Date (mmddyyyy)<br>08/18/2015 |
|---|---|---|---|
| | Office Location:   230 S. Dearborn<br>Room 2550, Stop 4612<br>Chicago, IL 60604-1689 | | Phone: 312-292-2336<br>Fax: 866-673-4177 |

Catalog Number 23145K    www.irs.gov    Part 3 - Requester's File Copy    Form **4564** (Rev. 9-2006)

**Department of the Treasury**
**Internal Revenue Service**

**Small Business and Self-Employed**
230 S Dearborn
Room 2550 Mail Stop 4612
Chicago IL 60604-1689

Date:
July 19, 2016
Taxpayer ID number:

Form:
1040
Tax periods ended:
December 31, 2013
December 31, 2014

PAMELA E VEAL-HILL
1081 W 108TH ST
CHICAGO IL 60643-3722

Person to contact:
Thomas P Matias
Contact telephone number:
312-292-2336
Contact fax number:
866-673-4177
Employee ID number:
1000888028
Response due date:
August 18, 2016

Dear PAMELA E VEAL-HILL:

I am enclosing two copies of an examination report showing proposed changes to your tax for the periods listed above. Review the report, and tell us whether you agree or disagree with the changes **by the response due date listed above.** If you have an interest in any partnerships, S corporations, trusts, etc., this report may not reflect examinations of those entities. Changes to those accounts could also affect your tax.

**If you agree with the proposed changes in the report**

1. Sign and date one copy of the examination report (or agreement form if enclosed). If you filed a joint return, both spouses must sign.

2. Include payment for the full amount you owe (if the report shows you owe additional tax) to limit penalty and interest charges to your account. Make payment payable to the United States Treasury.

3. Return the signed and dated examination report or agreement form with your payment **by the response due date** in the enclosed envelope.

**If you agree, but can't pay the full amount you owe**

Sign, date, and return one copy of the examination report or agreement form, as explained above, and pay as much as you can. You can call the person listed above to discuss payment. We explain payment options in the enclosed Publication 3498, *The Examination Process.* You can also visit www.irs.gov and search "tax payment options" for more information about:

- Installment agreements
- Automatic payment deductions
- Payroll deductions
- Credit card payments

If you don't enclose full payment for the additional tax, interest, and penalties, we'll bill you for the unpaid amounts. If you are a C Corporation, the law requires us to charge an interest rate 2% higher than the standard rate on deficiencies of $100,000 or more (Section 6621(c) of the Internal Revenue Code).

A3

Letter 950 (Rev. 8-2014)
Catalog Number 40390D

**If you don't agree with the proposed changes in the report**

You can contact the person listed above to request a meeting or telephone conference with me. If you still don't agree after the meeting or telephone conference and want to request a conference with the Office of Appeals, you must take one of the following actions by the response due date:

- If the total proposed change to your tax and penalties is **$25,000 or less** for each referenced tax period, you can request an Appeals conference by sending us either:
  - A completed Form 12203, *Request for Appeals Review* (enclosed). A fillable version of this form is available at www.irs.gov/formspubs.
  - A letter that requests an Appeals conference, and explains the changes you don't agree with and the reasons why you don't agree.
- If the total proposed change to your tax and penalties is **more than $25,000** for any referenced tax period, you must follow the instructions in the enclosed Publication 3498 to submit a formal protest.

For Appeals to have enough time to consider your case, the statute of limitations generally must have at least 365 days remaining when Appeals receives it. If additional time is needed, we will request your consent to extend the period the law provides to assess additional tax. If you don't consent to extend the statute, we'll close your case based on the proposed changes and send you a notice of deficiency (explained below). For estate tax cases only, there must be at least 270 days remaining on the non-extendable statute of limitations when Appeals receives the case.

**If you request an Appeals conference**

An Appeals officer will contact you. Appeals conferences are informal and can be by correspondence, telephone, or in person. Appeals is an independent office and resolves most disputes informally and promptly A conference with our Appeals office may:

- Help you avoid court costs, such as Tax Court filing fees
- Resolve the matter sooner
- Limit or prevent interest and penalties from increasing on your account

**If you don't reply by the response due date**

We'll process your case based on the proposed changes and send you a notice of deficiency. The notice normally gives you 90 days to either agree to the deficiency or file a petition with the United States Tax Court. If you petition the Tax Court, you'll generally have the opportunity for a pretrial settlement. If you can't reach a settlement agreement, your case will be heard in court. If you don't file a petition during the 90-day period after you receive the notice of deficiency, we'll assess the amount on the notice of deficiency, and you'll have to pay the full amount you owe or make payment arrangements.

If you have questions, you can contact the person listed at the top of this letter.

Sincerely,

Carol L. Madison

Director, Midwest Area, Field Exam

Enclosures:
Examination Report (2)
870
Form 12203
Publication 3498
Envelope

**Letter 950 (Rev. 8-2014)**
Catalog Number 40390D

| Form **870**<br>(Rev. March 1992) | Department of the Treasury—Internal Revenue Service<br>**Waiver of Restrictions on Assessment and Collection of<br>Deficiency in Tax and Acceptance of Overassessment** | | Date received by<br>Internal Revenue Service |
|---|---|---|---|

| Names and address of taxpayers *(Number, street, city or town, State, ZIP code)*<br>PAMELA E VEAL-HILL<br>1081 W 108TH ST<br>CHICAGO IL 60643-3722 | Social security or employer<br>identification number |
|---|---|

### Increase (Decrease) in Tax and Penalties

| Tax year ended | Tax | | Penalties | | |
|---|---|---|---|---|---|
| 12/31/2013 | 57,988.00 | IRC 6662 20%<br>11,597.60 | | | |
| 12/31/2014 | 26,078.00 | IRC 6662 20%<br>5,215.60 | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

(For instructions, see back of form)

**Consent to Assessment and Collection**

I consent to the immediate assessment and collection of any deficiencies *(increase in tax and penalties)* and accept any overassessment *(decrease in tax and penalties)* shown above, plus any interest provided by law. I understand that by signing this waiver, I will not be able to contest these years in the United States Tax Court, unless additional deficiencies are determined for these years.

| **YOUR<br>SIGNATURE<br>HERE** | | | Date |
|---|---|---|---|
| **SPOUSE'S<br>SIGNATURE** | | | Date |
| **TAXPAYER'S<br>REPRESENTATIVE<br>HERE** | | | Date |
| **CORPORATE<br>NAME** | | | |
| **CORPORATE<br>OFFICER(S)**<br><br>**SIGN HERE** | | Title | Date |
| | | Title | Date |

Catalog Number 16894U

Form **870** (Rev. 3-1992)

Page: 1

Continuation Sheet

NAME:  PAMELA E VEAL-HILL                                      TIN

Interest on Deficiencies

Interest on Deficiencies will accrue from the due date of the return until paid.


IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code. The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty. In addition, interest is computed on this penalty from the due date of the return (including any extensions).

Page: 2

Continuation Sheet

| NAME: PAMELA E VEAL-HILL | TIN: |
|---|---|

IRC section 6662(a)

Since all or part of the underpayment of tax for the taxable year(s) is attributable to one or more of (1) negligence or disregard of rules or regulations, (2) any substantial understatement of income tax, or (3) any substantial valuation overstatement, an addition to the tax is charged as provided by section 6662(a) of the Internal Revenue Code. The penalty is twenty (20) percent of the portion of the underpayment of tax attributable to each component of this penalty. In addition, interest is computed on this penalty from the due date of the return (including any extensions).

| Form **4549-A** (Rev. March 2013) | Department of the Treasury-Internal Revenue Service **Income Tax Examination Changes** (Unagreed and Excepted Agreed) | | | Page __1__ of __2__ |
|---|---|---|---|---|

| Name and Address of Taxpayer | Taxpayer Identification Number | | Return Form No.: 1040 |
|---|---|---|---|
| PAMELA E VEAL-HILL 1081 W 108TH ST CHICAGO IL 60643-3722 | Person with whom examination changes were discussed. | Name and Title: PAMELA E VEAL-HILL | |

| **1. Adjustments to Income** | Period End 12/31/2013 | Period End 12/31/2014 | Period End |
|---|---|---|---|
| a. Other Income | 81,237.00 | | |
| b. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | 54,643.00 | 69,304.00 | |
| c. Sch E1 - Depreciation Expense or Depletion | 493.00 | 593.00 | |
| d. IRA Distributions | 29,000.00 | 10,000.00 | |
| e. Itemized Deductions | 21,550.00 | 14,941.00 | |
| f. Exemptions | 1,560.00 | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| **2. Total Adjustments** | 188,483.00 | 94,838.00 | |
| 3. Taxable Income Per Return or as Previously Adjusted | 99,066.00 | 73,609.00 | |
| **4. Corrected Taxable Income** | 287,549.00 | 168,447.00 | |
| Tax Method | TAX RATE | TAX RATE | |
| Filing Status | Single | Single | |
| **5. Tax** | 79,022.00 | 40,341.00 | |
| 6. Additional Taxes / Alternative Minimum | | | |
| 7. Corrected Tax Liability | 79,022.00 | 40,341.00 | |
| 8. Less a. Credits b. c. d. | | | |
| 9. Balance (Line 7 less total of Lines 8a thru 8d) | 79,022.00 | 40,341.00 | |
| 10. Plus a. Other b. Taxes c. d. | | | |
| 11. Total Corrected Tax Liability (Line 9 plus Lines 10a thru 10d) | 79,022.00 | 40,341.00 | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 21,034.00 | 14,263.00 | |
| 13. Adjustments to: a. b. c. | | | |
| 14. Deficiency-Increase in Tax or (Overassessment - Decrease in Tax) (Line 11 less Line 12 adjusted by Lines 13a through 13c) | 57,988.00 | 26,078.00 | |
| 15. Adjustments to Prepayment Credits-Increase (Decrease) | | | |
| 16. Balance Due or (Overpayment) - (Line 14 adjusted by Line 15) (Excluding interest and penalties) | 57,988.00 | 26,078.00 | |

| Form **4549-A** | Department of the Treasury-Internal Revenue Service | | | |
|---|---|---|---|---|
| (Rev. March 2013) | **Income Tax Examination Changes** (Unagreed and Excepted Agreed) | | Page 2 of 2 | |
| Name of Taxpayer PAMELA E VEAL-HILL | | Taxpayer Identification Number | | Return Form No.: 1040 |

| 17. Penalties/ Code Sections | Period End 12/31/2013 | Period End 12/31/2014 | Period End |
|---|---|---|---|
| a. Accuracy-IRC 6662 | 11,597.60 | 5,215.60 | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| h. | | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| **18. Total Penalties** | 11,597.60 | 5,215.60 | |
| Underpayment attributable to negligence: (1981-1987) A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to fraud: (1981-1987) A tax addition of 50 percent of the interest due on the underpayment will accrue until it is paid or assessed. | | | |
| Underpayment attributable to Tax Motivated Transactions (TMT). Interest will accrue and be assessed at 120% of underpayment rate in accordance with IRC 6621(c). | 0.00 | 0.00 | |

**19. Summary of Taxes, Penalties and Interest:**

| | | |
|---|---|---|
| a. Balance due or (Overpayment) Taxes - (Line 16, Page 1) | 57,988.00 | 26,078.00 |
| b. Penalties (Line 18) - computed to 07/19/2016 | 11,597.60 | 5,215.60 |
| c. Interest (IRC § 6601) - computed to 08/18/2016 | 5,354.10 | 1,411.83 |
| d. TMT Interest - computed to 08/18/2016 (on TMT underpayment) | 0.00 | 0.00 |
| e. Amount due or refund - (sum of Lines a, b, c and d) | 74,939.70 | 32,705.43 |

Other Information:

| Examiner's Signature: Name | Employee ID: | Office: | Date: |
|---|---|---|---|
| Thomas P Matias | 1000888002 | SBSE Compliance Chicago, IL | 07/19/2016 |

The Internal Revenue Service has agreements with state tax agencies under which information about federal tax, including increases or decreases, is exchanged with the states. If this change affects the amount of your state income tax, you should amend your state return by filing the necessary forms.

You may be subject to backup withholding if you underreport your interest, dividend, or patronage dividend income you earned and do not pay the required tax. The IRS may order backup withholding (withholding of a percentage of your dividend and/or interest payments) if the tax remains unpaid after it has been assessed and four notices have been issued to you over a 120-day period.

| Form **5278** (Rev. June 2011) | **Statement - Income Tax Changes** | | | Schedule |
|---|---|---|---|---|

**1. Name(s) of taxpayer(s)**
PAMELA E VEAL-HILL

**2.** ☐ Notice of Deficiency   ☐ Other
☐ Settlement Computation

| **3. Taxpayer Identification Number** | **4. Form number** 1040 | **5. Docket number** | **6. Office symbols** |
|---|---|---|---|

| | | Tax Year(s) Ended | |
|---|---|---|---|
| **7. Adjustments to income** | | Year: 12/31/2013 | Year: 12/31/2014 |
| a. Other Income | | 81,237.00 | |
| b. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | | 54,643.00 | 69,304.00 |
| c. Sch El - Depreciation Expense or Depletion | | 493.00 | 593.00 |
| d. IRA Distributions | | 29,000.00 | 10,000.00 |
| e. Itemized Deductions | | 21,550.00 | 14,941.00 |
| f. Exemptions | | 1,560.00 | |
| g. | | | |
| h. | | | |
| **8. Total adjustments** | | 188,483.00 | 94,838.00 |
| **9. Taxable income as shown in** ☐ Preliminary letter dated ☐ Notice of deficiency dated ☐ Return as filed | | 99,066.00 | 73,609.00 |
| **10. Taxable income as revised** | | 287,549.00 | 168,447.00 |
| **11. Tax**   Tax Method   Filing Status | | 79,022.00 TAX RATE Single | 40,341.00 TAX RATE Single |
| **12. Alternative tax, if applicable** | | | |
| **13. Alternative minimum tax** *(Starting in tax year 2000)* | | | |
| **14. Corrected tax liability** - *(lesser of line 11 or 12 plus line 13)* | | 79,022.00 | 40,341.00 |
| **15. Less credits** | a. | | |
| | b. | | |
| | c. | | |
| **16. Balance** - *(line 14 less total of lines 15a - 15c)* | | 79,022.00 | 40,341.00 |
| **17. Plus other taxes** | a. | | |
| | b. | | |
| | c. | | |
| **18. Total corrected tax liability** - *(line 16 plus lines 17a - 17c)* | | 79,022.00 | 40,341.00 |
| **19. Total tax shown on return or as previously adjusted** | | 21,034.00 | 14,263.00 |
| **20. Adjustments: increase or (decrease) to:** | a. | | |
| | b. | | |
| | c. | | |
| **21. Deficiency - Increase in tax** *(overassessment - decrease in tax) (line 18 less line 19 adjusted by lines 20a - 20c)* | | 57,988.00 | 26,078.00 |
| **22. Adjustments to prepayment credits - Increase** *(decrease)* | | | |
| **23. Balance due or** *(Overpayment)* excluding interest and penalties *(line 21 adjusted by line 22)* | | 57,988.00 | 26,078.00 |
| **24. Penalties and/or Additions to Tax** *(listed below)* Accuracy-IRC 6662 | | 11,597.60 | 5,215.60 |

Honorable Judge Pamela E. Hill-Veal (ret.)
Circuit Court Judge of Cook County
peveal@hotmail.com
1-773-490-6869

## EDUCATION

| | | |
|---|---|---|
| J.D. | - With Certificate in Health Care Law | Feb. 1988 |
| | DePaul University | |
| M.S. | - Marketing Communications | Aug. 1978 |
| | Roosevelt University | |
| M.Ed. | - Counseling and Guidance | June 1975 |
| | Loyola University of Chicago | |
| B.S. | – Psychology | |
| | Western Illinois University | June 1974 |

## LICENSED TO PRACTICE LAW

States of Illinois and Michigan
District of Columbia Court of Appeals
U.S. District Court for the Northern District of Illinois
U.S. Court of Appeals for the Sixth and Seventh Circuits
United States Supreme Court

## LEGAL EXPERIENCE

| | |
|---|---|
| Litigation Consultant | 2013 - Present |
| EEO Investigator | 2013 – Present |
| Conduct Full-Range of EEO Investigations | |
| Circuit Court of Cook County | 2004-2012 |
| Full Circuit Cook County Judge | |
| Appointed in 2004 by the Illinois Supreme Court | |
| Elected Countywide in 2006 | |
| Retained in 2012 | |
| Atty. Pamela E.H. Veal | 1990-2004 |
| Private Law Practice | |
| Chicago Dept. of Administrative Hearings | 2002-2004 |
| Administrative Law Officer | |
| Metropolitan Water Reclamation District | 1995-2004 |
| Of Greater Chicago | |
| Civil Service Board – Member/Chairperson | |
| Attorney Registration & Disciplinary Commission | 1991-2004 |
| Inquiry Panel – Member/Chairperson | |
| Illinois State Bar Examination – Grader | |
| July-1994:  Feb.-1995:  Feb.-1996: July-1996 | |
| French, Kezelis & Kominiarek | 1989-1990 |
| Associate Attorney | |
| Cook County Office of the Public Defender | 1988-1989 |
| Assistant Public Defender | |

## RELATED EXPERIENCE

Chicago State University
        Asst./Assoc. Professor – Criminal Justice Department      Over 10 years
        Instructor - Speech/Psychology      19 years (periodic)
Chicago Urban League
        Communications Director      1 ½ years
WFMY/TV – WCIA/TV – WILL/Radio – WHPK/Radio
        News Reporter/Producer      2 ½ years
Chicago Board of Health/Friendship Medical Center
        Clinical Therapist/Counselor      5 ½ years

## BOARD MEMBERSHIP

DePaul Law School Black Alumni Foundation
The Lost Boyz, Inc.
The Bernie Mac Foundation

## CERTIFICATES and TRAINING

2017 EEO Investigator Refresher Training – Chicago, Illinois
2016 EEO Investigator Refresher Training – Nashville, Tennessee
2015 EEOC Training Institute – Phoenix Technical Assistance Seminar
2014 EEOC Training Institute – Phoenix Technical Assistance Seminar
2013 EEO Investigator Training in the Federal Sector – NEEOISO
(including:  Certification of Completion of the EEO Complaint Process Training – USPS)
2012 EEO Training for New EEO Investigators
2000 Advanced Arbitration Workshop
Alcoholism Education and Prevention
American Sign Language
Rape Prevention – Campus and Community
Training in Crisis Intervention
Training in Grantsmanship for Education
Training in Marriage and Family Counseling

## PUBLICATIONS

Trial Practice and Procedures – 1993:  1996 (2nd Edition)
Criminal Procedure: A Workbook – 2003

# Honorable Pamela Hill-Veal

### RETIRED COOK COUNTY CIRCUIT COURT JUDGE



Judge Pamela Hill-Veal was appointed as a judge to fill a vacancy in 2004, was elected to the Cook County Circuit Court in 2006 and retained as a Circuit Court Judge in 2012.

At the time of Judge Hill-Veal's retirement, she was assigned to the municipal division where her docket primarily included cases involving small claims, breach of contract, and insurance matters.

Prior to becoming a judge, she had a successful private practice where she concentrated in domestic relations matters.

During Judge Hill-Veal's time as a sole practitioner, she served in several capacities including: an administrative hearing officer with the Chicago Department of Administrative Hearings, a Civil Service Board member/chairperson of the Metropolitan Water Reclamation District of Greater Chicago, and as a member/chairperson for the Attorney Registration & Disciplinary Commission's Inquiry Panel.

Earlier in her career, Judge Hill-Veal was an associate attorney for the law firm of French, Kezelis & Kominiarek and an Assistant Cook County Public Defender for the Cook County  Public Defender's Office.

She was also an Associate Professor in the Criminal Justice Department at Chicago State University where she published two books: *Trial Practice and Procedures – 1993: 1996 (2nd Edition)* and *Criminal Procedure: A Workbook – 2003*.

Before her entry into the legal field, Judge Hill-Veal was an instructor at Chicago State University where she taught Speech and Psychology.  She was also Communications Director for the Chicago Urban League, News Reporter and Producer for WFMY/TV, WCIA/TV, WILL/Radio and WHPK/Radio.  Additionally, she was a clinical therapist and counselor for the Chicago Board of Health and Friendship Medical Center.

Judge Hill-Veal received her Bachelor of Science degree in Psychology from Western Illinois University, her M.Ed. in Counseling and Guidance from Loyola University of Chicago, her M.S. in Marketing Communications from Roosevelt University and her Juris Doctor, with a Certificate in Health Care Law, from DePaul University School of Law.

She is licensed to practice law in several jurisdictions, including Illinois and Michigan, District of Columbia Court of Appeals, U.S. District Court for the Northern District of Illinois, U.S. Court of Appeals for the Sixth and Seventh Circuits, and the United States Supreme Court.

Judge Hill-Veal is member of Alpha Kappa Alpha Sorority, Incorporated.



**Department of the Treasury**
**Internal Revenue Service**
**Small Business and Self-Employed**
230 South Dearborn Street
Mail Stop:4031CHI
Chicago IL 60604-1505

CERTIFIED MAIL

Pamela E Veal-Hill
1081 West 108th Street
Chicago IL 60643-3722

Date: **DEC 0 8 2016**

Taxpayer ID number:

Form:
1040
Person to contact:
Linda Buckner
Contact telephone number:
312-292-2426
Contact fax number:
877-453-6934
Employee ID number:
1000243582
Last day to file petition with US tax court:

**MAR 0 8 2017**

| Tax Year Ended: | December 31, 2013 | December 31, 2014 |
|---|---|---|
| Deficiency: | | |
| Increase in tax | $49,574.00 | $20,291.00 |
| Penalties or Additions to Tax | | |
| IRC 6662(a) | 9,914.80 | 4,058.20 |

Dear Pamela E Veal-Hill:

**Why we are sending you this letter**
We determined that you owe additional tax or other amounts, or both, for the tax year or years identified above. This letter is your **Notice Of Deficiency**, as required by law. The enclosed Form 4549-A, *Income Tax Discrepancy Adjustments* or Form 5278, *Statement - Income Tax Changes,* shows how we figured the deficiency.

**If you wish to challenge this determination**
If you want to challenge this determination in court before making any payment, you have 90 days from the date of this letter (150 days if this letter is addressed to you outside of the United States) to file a petition with the United States Tax Court to reconsider the deficiency.

**Information you will need**
If you have recently sought bankruptcy relief by filing a petition in bankruptcy court, see enclosed Notice 1421, *How Bankruptcy Affects Your Right to File a Petition in Tax Court in Response to a Notice of Deficiency.*



Letter 531 (Rev. 10-2015)


A6

Case: 19-2121   Document: 12   RESTRICTED   Filed: 03/26/2020   Pages: 63

You can get a copy of the rules for filing a petition and a petition form by writing to the following address:

United States Tax Court
400 Second Street, NW
Washington, DC 20217

- The Tax Court has a simplified procedure for small tax cases when the dispute for each tax year is $50,000 or less.
- If you use this simplified procedure, you cannot challenge the Tax Court's decision. You can get information on the simplified procedure for small cases from the Tax Court by writing to the court at the address above or from the court's internet site at www.ustaxcourt.gov.
- If you file a petition for multiple tax years and the dispute for any one or more of the tax years exceeds $50,000, this simplified procedure is not available to you.

**The law regarding married couples**
The law requires separate notices for husbands and wives. Both must sign and file the petition or each must file a separate, signed petition if this letter is addressed to both husband and wife, and both want to petition the Tax Court.

If only one spouse is in bankruptcy at the time this letter was issued or files a bankruptcy petition after the date of this letter, the bankruptcy automatic stay does not prohibit the spouse who is not in bankruptcy from filing a petition with Tax Court. The bankruptcy automatic stay of the spouse seeking bankruptcy relief does not extend the time for filing a petition in Tax Court for the spouse who is not in bankruptcy.

**How to file your petition form**
Send the completed petition form, a copy of this letter, and copies of all statements and/or schedules you received with this letter to the Tax Court at the address above. If more than one tax year is shown above, you may file one petition form showing all of the years you are challenging.

You may represent yourself before the Tax Court, or you may be represented by anyone admitted to practice before the Tax Court.

**The limits on filing a petition**
The time you have to file a petition in the Tax Court is set by law.

1. The petition is considered timely filed if the postmark date falls within the prescribed 90 or 150 day period and the envelope containing the petition is properly addressed with the correct postage.
2. The Tax Court cannot consider your case if your Tax Court petition is filed late. IRS cannot grant an extension or allow a suspension of the prescribed deadline, even for reasonable cause. Thus, contacting the Internal Revenue Service (IRS) for more information, or receiving other correspondence from the IRS won't change the allowable period for filing a petition with the Tax Court.

**If you agree with the Notice of Deficiency**
If you decide not to file a petition with the Tax Court, please sign the enclosed Form 4089-B, *Notice of Deficiency - Waiver,* and return it to us at the IRS address on the top of the first page of this letter. This will permit us to assess the deficiency quickly and can help limit the accumulation of interest.

**If we don't hear from you**
If you decide not to sign and return Form 4089-B, and you do not file a petition with the Tax Court within the time limit, the law requires us to assess and bill you for the deficiency after 90 days from the date of this letter (150 days if this letter is addressed to you outside the United States).

**Letter 531 (Rev. 10-2015)**

UNITED STATES TAX COURT
www.ustaxcourt.gov

RECEIVED
US TAX COURT
2017 JAN 23 AM 10: 31
BY:
DEPUTY CLERK

FILED
U.S TAX COURT
STEPHANIE A. SERVOSS, CLERK
2017 JAN 23 AM 10: 36
BY:
DEPUTY CLERK

(FIRST)   (MIDDLE)   (LAST)

PAMELA   E.   VEAL-HILL
(PLEASE TYPE OR PRINT)

Petitioner(s)

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent

Docket No.

PETITION

1517 - 17

1. Please check the appropriate box(es) to show which IRS NOTICE(s) you dispute:

☑ Notice of Deficiency

☐ Determination of Worker Classification*

☐ Notice of Determination Concerning Collection Action

☐ Notice of Determination Concerning Your Request for Relief From Joint and Several Liability*

☐ Notice of Final Determination Not to Abate Interest*

*Please see the Court's Web site, www.ustaxcourt.gov, or information booklet for additional information if (1) you filed a claim for interest abatement or requested relief from joint and several liability, and the IRS has not made a determination, or (2) the petition involves a worker classification case.

2. Provide the date(s) the IRS issued the NOTICE(S) checked above and the city and State of the IRS office(s) issuing the NOTICE(S): DECEMBER 8, 2016   CHICAGO, IL.

3. Provide the year(s) or period(s) for which the NOTICE(S) was/were issued: 12/31/2013 AND 12/31/2014

4. SELECT ONE OF THE FOLLOWING:

If you want your case conducted under small tax case procedures, check here:  ☐  (CHECK
If you want your case conducted under regular tax case procedures, check here:  ☒  ONE BOX)

NOTE:  A decision in a "small tax case" cannot be appealed to a Court of Appeals by the taxpayer or the IRS. If you do not check either box, the Court will file your case as a regular tax case.

5. Explain why you disagree with the IRS determination in this case (please list each point separately):

RESPONDENT HAD ALL DOCUMENTATION 2 WEEKS AFTER THE AUDIT COMMENCED, HOWEVER, THE

AUDIT TOOK OVER A YEAR AND A HALF TO CONCLUDE WITH THE MOST BIZZARE RESULTS.

SERVED Jan 25 2017

T.C. FORM 2 (REV. 3/16)

A7

Case: 19-2121    Document: 12    RESTRICTED    Filed: 03/26/2020    Pages: 63

6. State the facts upon which you rely  (please list each point separately):

IRS STATUTES AND CASE LAW.

_____

_____

_____

_____

_____

_____

_____

**You may use additional pages to explain why you disagree with the IRS determination or to state additional facts.  Please do not submit tax forms, receipts, or other types of evidence with this petition.**

ENCLOSURES:

Please check the appropriate boxes to show that you have enclosed the following items with this petition:

☑ A copy of any NOTICE(S) the IRS issued to you

☑ Statement of Taxpayer Identification Number (Form 4) (See PRIVACY NOTICE below)

☑ The Request for Place of Trial (Form 5)      ☑ The filing fee

PRIVACY NOTICE: Form 4 (Statement of Taxpayer Identification Number) will <u>not</u> be part of the Court's public files.  All other documents filed with the Court, including this Petition and any IRS Notice that you enclose with this Petition, will become part of the Court's public files.  To protect your privacy, you are <u>strongly</u> encouraged to omit or remove from this Petition, from any enclosed IRS Notice, and from any other document (other than Form 4) your taxpayer identification number (e.g., your Social Security number) and certain other confidential information as specified in the Tax Court's "Notice Regarding Privacy and Public Access to Case Files", available at www.ustaxcourt.gov.

| | | |
|---|---|---|
| _(signature)_  1/14/2017 | | (773) 490-6869 |
| SIGNATURE OF PETITIONER    DATE | | (AREA  CODE) TELEPHONE NO. |
| 1081 WEST 108th STREET | | CHICAGO, IL  60643-3722 |
| MAILING ADDRESS    **Address Used By Court** | | CITY, STATE, ZIP CODE |

State of legal residence (if different from the mailing address): _____    E-mail address (if any): _____

_____    _____
SIGNATURE OF ADDITIONAL PETITIONER (e.g., SPOUSE)   DATE         (AREA  CODE) TELEPHONE NO.

_____    _____
MAILING ADDRESS                             CITY, STATE, ZIP CODE

State of legal residence (if different from the mailing address): _____    E-mail address (if any): _____

_____    _____    _____
SIGNATURE OF COUNSEL, IF RETAINED  BY PETITIONER(S)   NAME OF COUNSEL          TAX COURT BAR NO.

_____                                    _____
MAILING ADDRESS, CITY, STATE, ZIP CODE                                      DATE

_____    _____
E-MAIL ADDRESS                              (AREA  CODE) TELEPHONE NO.



LAW OFFICES OF

# EDWARD A. WILLIAMS & ASSOCIATES, LTD.

AN ILLINOIS PROFESSIONAL CORPORATION

I SOUTH LEAVITT ST.

SUITE 207

CHICAGO, ILLINOIS 60612

(312) 754·0109

FACSIMILE (312) 600·6112

E·MAIL eawassociates@att.net

August 19, 2019

Mr. Rocco Spagna, Mediator
Attorney Julie Ciamporcero Avetta

*Transmitted via email to:*
*rocco_spagna@ca7.uscourts.gov &*
*Julie.C.Avetta@usdoj.gov*

Re: *Pamela Veal-Hill* (Petitioner) v. *Commissioner of Internal Revenue* (Respondent)
    Tax Court Docket No: 001517-17

Dear Mr. Spagna and Attorney Avetta:

Per our mediation on July 17, 2019, please find our answers to the questions we discussed:

1. Does the US Tax Court have jurisdiction over the above-captioned matter?

ANSWER: Yes, please see pages 1 - 4 of Petitioner's Brief in Support or Petitioner's Motion for Attorney's Fees pursuant to Internal Revenue Code § 7430, Intentional Infliction of Emotional Distress and Other Relief. (*Group Exhibit "A"*)

Respondent states that Petitioner did not exhaust all of her administrative remedies under Internal Revenue Code § 7430 (*Exhibit "B"*). After Petitioner received the attached "30-day letter" dated July 19, 2016 (*Exhibit "C"*), her Tax Preparer met with Revenue Officer Thomas P. Matias (Matias). During that meeting it was apparent that Matias did not and would not take the time to review the documentation that Petitioner submitted to him prior to the issuance of his examination report. Matias' supervisor was made aware of Matias' failure to conduct a fair audit but he/she did not resolve the issue.

Count II of the Petitioner's Petition for Attorney's Fees pursuant to Internal Revenue Code § 7430 and Intentional Infliction of Emotional Distress and Other Relief states the extreme and outrageous conduct that Matias subjected Petitioner to prior to the issuance of the "30 day letter" (*Exhibit "D"*). But for Matias' conduct, Petitioner would not have endured emotional distress which caused her to lack confidence in the Internal Revenue Service as a whole.

Page 2 of *Exhibit C* which provides in pertinent part: "If you still don't agree after the meeting or telephone conference and **want** to request a conference with the Office of Appeals...." Also, *Exhibit C* states that if you don't reply by the response due date, "...The notice normally gives you 90 days to either agree to the deficiency or file a petition with the United States Tax Court. If you petition the Tax Court, you'll generally have the opportunity for a pretrial settlement. If you can't reach a settlement agreement, you case will be heard in court."

A8

**EDWARD A. WILLIAMS & ASSOCIATES, LTD.**

Petitioner chose to file a timely Petition in the US Tax Court after receipt of the "90 day letter" because she did not want to request a conference with any office of the IRS, she wanted a hearing before the Tax Court. Her requests for assistance during the audit with Matias were ignored and a reasonable Taxpayer in Petitioner's unfortunate situation would have made the decision to pursue the matter in Tax Court versus enduring more distress.

II.      Why is this matter a litigation risk (hazard)?

The US Tax Court's Order and Decision dated April 24, 2019 (***Exhibit "E"***) stated that the Court does not have jurisdiction over Petitioner's June 25, 2018 IRC § 7430 Motion and that order is at best clearly erroneous at least or spurious at best.

The US Tax Court cited *Chocallo v. Commissioner* (***Exhibit "F"***, pertinent pages only) which deals with the proscriptions of IRC § 7433, not § 7430(6). IRC § 7430 (6) states that "The term "court proceeding" means any civil action brought in a court of the United States (including the Tax Court and the United States Court of Federal Claims).

All first-year law students learned that in addition to the elements of a common law tort, damage claims are an essential and seminal element. However, the methods to determine "damages" are myriad.

Although the US Tax Court erroneously applied IRC § 7433 proscriptions to the instant § 7430 Motion, the fact that §7433(b) (***Exhibit "G"***) provides for damages "....the lesser of $1,000,000....." is instructive for Petitioner's case.

The methodology that was used by Petitioner was based upon the Judeo-Christian ethic that is, "Let the tortfeasor stand in the shoes of the injured party".

Pursuant to the gravamen of the Equitable Maxim, Petitioner calculated her damages at $896,553.69.

Further, as an over 30 (thirty) year member of the American Academy of Attorney CPAs (AAA-CPA), on July 3, 2019, I attended the Annual Meeting in Orange Beach, AL and presented this case to its Executive Committee.

Also, I asked the AAA-CPA committee to forward this case to our membership and solicit their opinions regarding the calculation of damages, since this is a case of first impression. I will keep you informed regarding their response.

Finally, thank you for the 2.5 hours we spent during the mediation; and, I trust we can conclude this matter with an agreed upon settlement.

Sincerely yours,

s/ Edward A. Williams
Edward A. Williams

# 26 U.S. Code § 61. Gross income defined

U.S. Code     Notes

**(a) GENERAL DEFINITION** Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items:

**(1)** Compensation for services, including fees, commissions, fringe benefits, and similar items;

**(2)** Gross income derived from business;

**(3)** Gains derived from dealings in property;

**(4)** Interest;

**(5)** Rents;

**(6)** Royalties;

**(7)** Dividends;

**(8)** Annuities;

**(9)** Income from life insurance and endowment contracts;

**(10)** Pensions;

**(11)** Income from discharge of indebtedness;

**(12)** Distributive share of partnership gross income;

**(13)** Income in respect of a decedent; and

**(14)** Income from an interest in an estate or trust.

**(b) CROSS REFERENCES**

| Form **4549-A**<br>(Rev. March 2013) | Department of the Treasury-Internal Revenue Service<br>**Income Tax Examination Changes**<br>**(Unagreed and Excepted Agreed)** | | Schedule: 2<br>Page ___1___ of ___2___ |
|---|---|---|---|
| Name and Address of Taxpayer | Taxpayer Identification Number | | Return Form No.:<br>**1040** |
| Pamela E Veal-Hill<br>1081 West 108th Street<br>Chicago IL 60643-3722 | Person with whom examination changes were discussed. | Name and Title:<br>Pamela E Veal-Hill | |

| 1. Adjustments to Income | Period End<br>12/31/2013 | Period End<br>12/31/2014 | Period End |
|---|---|---|---|
| a. Sch B1 - Mortgage Interest | (16,676.00) | (14,941.00) | |
| b. Other Income | 81,237.00 | | |
| c. Sch B1 - Cleaning and Maintenance | 3,375.00 | | |
| d. Sch E-Inc/Loss-Prtnrship/S Corps-Passve/Non-Passve | 47,071.00 | 63,578.00 | |
| e. Sch B1 - Depreciation Expense or Depletion | 493.00 | 593.00 | |
| f. IRA Distributions | 29,000.00 | 10,000.00 | |
| g. Itemized Deductions | 17,549.00 | 14,941.00 | |
| h. Exemptions | 936.00 | | |
| i. | | | |
| j. | | | |
| k. | | | |
| l. | | | |
| m. | | | |
| n. | | | |
| o. | | | |
| p. | | | |
| 2. Total Adjustments | 162,985.00 | 74,171.00 | |
| 3. Taxable Income Per Return or as Previously Adjusted | 99,066.00 | 73,609.00 | |
| 4. Corrected Taxable Income<br>Tax Method<br>Filing Status | 262,051.00<br>TAX RATE<br>Single | 147,780.00<br>TAX RATE<br>Single | |
| 5. Tax | 70,608.00 | 34,554.00 | |
| 6. Additional Taxes / Alternative Minimum | | | |
| 7. Corrected Tax Liability | 70,608.00 | 34,554.00 | |
| 8. Less    a.<br>Credits    b.<br>            c.<br>            d. | | | |
| 9. Balance (Line 7 less total of Lines 8a thru 8d) | 70,608.00 | 34,554.00 | |
| 10. Plus    a.<br>Other    b.<br>Taxes    c.<br>            d. | | | |
| 11. Total Corrected Tax Liability (Line 9 plus Lines 10a thru 10d) | 70,608.00 | 34,554.00 | |
| 12. Total Tax Shown on Return or as Previously Adjusted | 21,034.00 | 14,263.00 | |
| 13. Adjustments to:  a.<br>            b.<br>            c. | | | |
| 14. Deficiency-Increase in Tax or (Overassessment - Decrease in Tax)<br>(Line 11 less Line 12 adjusted by Lines 13a through 13c) | 49,574.00 | 20,291.00 | |
| 15. Adjustments to Prepayment Credits-Increase (Decrease) | | | |
| 16. Balance Due or (Overpayment) - (Line 14 adjusted by Line 15)<br>(Excluding interest and penalties) | 49,574.00 | 20,291.00 | |

Catalog Number 23110T

www.irs.gov

Form 4549-A (Rev. 3-2013)

**Exhibit E**

A10

| Form **886-A**<br>(Rev. January<br>1994)886-A | **EXPLANATION OF ITEMS** | Schedule number or exhibit<br>3 |
|---|---|---|
| Name of Taxpayer<br>Pamela E Veal-Hill | Taxpayer Identification Number<br>█████████ | Year/Period Ended<br>2013 2014 |

**Sch E1 - Mortgage Interest**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2013 | $0.00 | $16,876.00 | ($16,876.00) |
| 2014 | $0.00 | $14,941.00 | ($14,941.00) |

It is determined that you are allowed an additional deduction for mortgage interest expense. Accordingly, your taxable income is decreased by the adjustment amounts shown.

**Other Income**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2013 | $0.00 | $81,237.00 | $81,237.00 |

It is determined that in the absence of adequate records, your taxable income for the taxable year shown above has been computed by reference to bank deposits and cash payments, plus personal and other nondeductible expenditures if any. Thus, it is determined you had additional income for the taxable year. Accordingly, your taxable income is increased by the adjustment amount shown above.

**Home mortgage interest and points From Form 1098**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2013 | $20,697.00 | $4,021.00 | $16,876.00 |
| 2014 | $18,727.00 | $3,786.00 | $14,941.00 |

It is determined that the mortgage interest expense you claimed is not deductible since it was not paid for your personal or secondary residence. (Accordingly, your taxable income is increased by the adjustment amounts shown above.

**Schedule A (AGI Limitation difference)**

| Tax Period | Per Return | Per Exam | Adjustment |
|---|---|---|---|
| 2013 | $0.00 | $873.00 | $873.00 |

It is determined that the amount you can claim for some of your itemized deductions is limited because your adjusted gross income (AGI) has exceeded the threshold amount. We have attached an itemized deduction worksheet, to show the changes that have been made. Accordingly, your taxable income is increased by the adjustment amount shown.

Form **886-A** (1-1994)    Department of the Treasury - Internal Revenue Service

0029

**Exhibit E**

Case: 19-2121    Document: 13    Filed: 03/19/2020    Pages: 63
Case: 19-2121    Document: RESTRICTED    Filed: 03/26/2020    Pages: 63

**US TAX COURT**
**RECEIVED**

**AUG 14 2018**
**8:11 PM**

**US TAX COURT**
**e L O D G E D**

**AUG 14 2018**

**CT**

**US TAX COURT**
**FILED**

**SEP 05 2018**

PAMELA E. VEAL-HILL,

        Petitioner,

        v.

COMMISSIONER OF INTERNAL REVENUE,

        Respondent

ELECTRONICALLY FILED

Docket No.    1517-17

# PETITIONER'S FIRST AMENDMENT TO MOTION FOR REASONABLE LITIGATION OR ADMINISTRATIVE COSTS

# UNITED STATES TAX COURT
## WASHINGTON, DC 20217

PAMELA E. VEAL-HILL,
   Petitioner

   v.

COMMISSIONER OF
INTERNAL REVENUE,
   Respondent

Docket No. 1517-17.

## MOTION FOR PROPOSED AMENDMENT TO THE PETITIONER'S MOTION FOR ATTORNEY'S FEES PURSUANT TO INTERNAL REVENUE CODE § 7430 AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AND OTHER RELIEF

NOW COMES Pamela E. Veal-Hill, Petitioner, by and through her attorney, Crystal L. Johnson ("Johnson"); and, moves this Court to grant an Order, pursuant to Rule 41, for a Motion for Proposed Amendment to the Petitioner's Motion for Attorney's Fees pursuant to Internal Revenue Code § 7430 and Intentional Infliction of Emotion Distress and Other Relief filed on June 25, 2018. The amendments are stated as follows:

1. Add paragraph 24:

    The audit report ("report") dated July 19, 2016, listed $81,719.30 of "unreported income". Eighty one percent (81%) of the "unreported income" was an unreconciled deposit of $66,000. The

1

deposit was made on August 26, 2013; and, attached hereto and made a part hereof as ***Exhibit "I"*** is a copy of the audit report page indicating the Unreconciled Deposits.

This deposit was not an "unreconciled deposit". The Petitioner provided Matias with a copy of her bank statement for the period August 1 – September 2, 2013. Attached hereto and made a part hereof as ***Exhibit "J"*** is a copy of the Petitioner's CitiBank statement for the period August 1 – September 2, 2013. *Exhibit "L"* clearly indicates that a deposit of $66,000 was made on August 26, 2013, and a withdrawal for the same amount was made on the same date.

A basic Accounting Axiom is that a debit (+) plus a credit (-) in the same amount equals $0.

Matias should not have listed $66,000 as an "unreconciled deposit" when the Petitioner provided him with the details of the real estate purchase that took place on August 26, 2013 (the same date of the $66,000 deposit and withdrawal).

Also attached as ***Exhibit "K"***, is the closing statement for the Petitioner's property located at 4800 Chicago Beach Drive, #1404. The statement indicates a total of $65,609.61 withdrawn from the

2

Petitioner's account on August 26, 2018 to purchase the said property.

During the appeal of Matias' second audit report dated December 8, 2016, the Petitioner submitted an Affidavit that clearly explained the real estate transaction that occurred on August 26, 2013. Page 2 of the Affidavit, dated August 12, 2017, is attached hereto and made a part hereof as ***Exhibit "L"***.

It is clear that although the Petitioner provided Matias with a copy of *Exhibits "J"* and *"K"*, he disregarded the supporting documentation and negligently reported $66,000 as unreported income. This is one example of the many instances that caused the Petitioner to suffer emotionally and physically.

2. Add paragraph 25

The Petitioner's suggested methodology and calculation of **actual damages** is a total of **$171,553.69**. The details are as follows:

   a. **Attorney Fees and Other Related Costs:** $44,368.50 (see *Exhibit "G"*)

3

| | | | | | |
|---|---|---|---|---|---|
| 7/19/2013 | State of Illinois | $ 4,910.14 | 6004 | 1099-R COMPTROLLER STATE OF ILLINOIS 376002057 | |
| 8/19/2013 | State of Illinois | $ 4,910.14 | 6004 | 1099-R COMPTROLLER STATE OF ILLINOIS 376002057 | |
| 9/19/2013 | State of Illinois | $ 4,910.14 | 6004 | 1099-R COMPTROLLER STATE OF ILLINOIS 376002057 | |
| 10/18/2013 | State of Illinois | $ 4,910.14 | 6004 | 1099-R COMPTROLLER STATE OF ILLINOIS 376002057 | |
| 11/19/2013 | State of Illinois | $ 4,910.14 | 6004 | 1099-R COMPTROLLER STATE OF ILLINOIS 376002057 | |
| 12/19/2013 | State of Illinois | $ 4,910.14 | 6004 | 1099-R COMPTROLLER STATE OF ILLINOIS 376002057 | |

| **1099-R STATE UNIVERSITIES RETIREMENT SYSTEM** | | | | | |
|---|---|---|---|---|---|
| | | 1099-R | $ 32,366.330 | | |
| | | Actual Deposits | $ 32,366.410 | | |
| 1/2/2013 | State University Retirement | $ 2,695.78 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 2/1/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 3/1/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 4/1/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 5/1/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 5/31/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 7/1/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 8/1/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 8/30/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 10/1/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 11/1/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 11/29/2013 | State University Retirement | $ 2,697.33 | 3716 | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM | |
| 1/28/2013 | Teller Deposit | $ 25,188.74 | 3716 | 1099-R JOHN HANCOCK LIFE INS. CO. U.S.A. 010233346 | 1099-R $25,811.74 |

| **Income from Corp deposited in Personal Account** | | | | |
|---|---|---|---|---|
| 11/4/2013 | Citibank Online transfer | $ 1,000.00 | 6004 | |

| **Unreconciled Deposits** | | | | |
|---|---|---|---|---|
| 1/28/2013 | Teller Deposit | $ 13,780.40 | 6004 | |
| 2/8/2013 | Teller Deposit | $ 1,774.81 | 6004 | |
| 2/20/2013 | Teller Deposit | $ 537.01 | 6004 | |
| 2/25/2013 | Teller Deposit | $ 10,182.16 | 6004 | |
| 6/7/2013 | Teller Deposit | $ 56.33 | 6004 | |
| 3/21/2013 | Teller Deposit | $ 167.00 | 6004 | |
| 4/15/2013 | Teller Deposit | $ 5,336.90 | 6004 | |
| 7/26/2013 | Teller Deposit | $ 386.07 | 6004 | |
| 8/5/2013 | Teller Deposit | $ 13,902.07 | 6004 | |
| 8/12/2013 | Teller Deposit | $ 3,550.00 | 6004 | |
| 8/19/2013 | Teller Deposit | $ 4,100.00 | 6004 | |
| 8/26/2013 | Teller Deposit | $ 66,000.00 | 6004 | |
| 10/4/2013 | Teller Deposit | $ 1,677.72 | 6004 | |
| 10/28/2013 | Teller Deposit | $ 330.15 | 6004 | |
| 10/28/2013 | Teller Deposit | $ 1,000.00 | 6004 | |
| 10/21/2013 | Teller Deposit | $ 201.87 | 3716 | |
| 12/24/2013 | Teller Deposit | $ 6,050.00 | 6004 | |
| 11/4/2013 | Transfer-Kelli Payne | $ 671.12 | 6004 | |
| 2/4/2013 | Deposit | $ 1,900.00 | 4820 | |
| 3/5/2013 | Deposit | $ 2,509.39 | 4820 | |
| | Total | $ 134,106.40 | | |
| | Income Items not identified in Bank Statements | $ 52,387.10 | | |
| | Unreported Income | $ 81,719.30 | | |

| **Income Items not identified in Bank Statements** | | | | |
|---|---|---|---|---|
| W-2 Wages | | $ 9,281.09 | | |
| 1099-R FORETHOUGHT LIFE INSURANCE COMPANY | | $ 27,680.47 | | |
| 1099-R COOK COUNTY PENSION FUND | | $ 913.80 | | |
| 1099-R METROPOLITAN WATER RECLAMATION DISTRICT | | $ 2,509.00 | | |
| 1099-R COOK COUNTY PENSION FUND | | $ 860.80 | | All deposits but two were found in the bank statements. |
| Sch E: Rental Income | | $ 8,941.00 | | |
| Interest | | $ (35.68) | | Interest accrued in account, not reported on the 1099-Int for 2013 |
| 1099-R COMPTROLLER STATE OF ILLINOIS | | $ 2,206.62 | | Income accounted for on 1099-R not found in Bank Statements |
| | Total | $ 52,387.10 | | |

| **Non Taxable Deposits** | | | | |
|---|---|---|---|---|
| 1/31/2013 | Transfer from savings | $ 5,000.00 | 6004 | Adjusted as non-taxable in bank statement analysis |
| 4/29/2013 | Transfer from savings | $ 2,500.00 | 6004 | Adjusted as non-taxable in bank statement analysis |
| 5/14/2013 | Transfer from savings | $ 5,000.00 | 6004 | Adjusted as non-taxable in bank statement analysis |
| 5/30/2013 | Transfer from savings | $ 1,500.00 | 6004 | Adjusted as non-taxable in bank statement analysis |
| 6/7/2013 | Transfer from savings | $ 5,000.00 | 6004 | Adjusted as non-taxable in bank statement analysis |
| 6/26/2013 | Transfer from savings | $ 1,000.00 | 6004 | Adjusted as non-taxable in bank statement analysis |
| 7/5/2013 | Transfer from savings | $ 1,500.00 | 6004 | Adjusted as non-taxable in bank statement analysis |
| 8/26/2013 | Transfer from savings | $ 3,500.00 | 6004 | Adjusted as non-taxable in bank statement analysis |
| 9/10/2013 | Transfer from savings | $ 7,000.00 | 6004 | Adjusted as non-taxable in bank statement analysis |
| 3/8/2013 | Refund for Service fee | $ 30.00 | 6004 | Adjusted as non-taxable in bank statement analysis |
| 7/22/2013 | FIA CSNA | $ 50,000.00 | 6004 | Loan from Bank of America |
| | | | | 1099-R STATE UNIVERSITIES RETIREMENT SYSTEM |
| 12/31/2013 | State University Retirement | $ 2,775.95 | 3716 | This one was reported on the 2014 1099-R |

## B. Type of Loan

| | | | | | |
|---|---|---|---|---|---|
| 1. ☐ FHA | 2. ☐ RHS | 3. ☒ Conv. Unins. | 6. File Number: 6200412-WFG | 7. Loan Number: | 8. Mortgage Insurance Case Number: |
| 4. ☐ VA | 5. ☐ Conv. Ins. | | | | |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals. (6200412/ 22)

| D. Name and Address of Buyer: Pamela E. Veal | E. Name and Address of Seller: Estate of Fernettress Hoskins 4800 Chicago Beach Drive, #1404n Chicago IL 60615 | F. Name and Address of Lender: Cash Deal |
|---|---|---|

| G. Property Location: 4800 Chicago Beach Drive, #1404n Chicago, IL 60615 Cook County, Illinois | H. Settlement Agent: Professional National Title Network, Inc. | 36-3657705 | I. Settlement Date: August 26, 2013 |
|---|---|---|---|
| | Place of Settlement: 70 West Madison Suite 1600 Chicago, IL 60602 | (312)696-2700 | |

| J. Summary of Buyer's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Buyer** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | 65,000.00 | 401. Contract sales price | 65,000.00 |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to buyer (line 1400) | 2,648.00 | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| Adjustments for items paid by seller in advance | | Adjustments for items paid by seller in advance | |
| 106. City/Town taxes | | 406. City/Town taxes | |
| 107. County taxes | | 407. County taxes | |
| 108. Assessments | | 408. Assessments | |
| 109. Monthly asesssment | 735.86 | 409. Monthly asesssment | 735.86 |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross amount due from Buyer** | 68,383.86 | **420. Gross amount due to Seller** | 65,735.86 |
| **200. Amounts Paid by or in Behalf of Buyer** | | **500. Reductions in Amount Due to Seller** | |
| 201. Deposit or earnest money | 1,000.00 | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | 10,408.90 |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan    Chase | 18,018.29 |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. Dep. retained by Betts Realty Group, Inc. | 1,000.00 |
| 207. Owners Policy Credit | 1,020.00 | 507. Owners Policy Credit | 1,020.00 |
| 208. | | 508. | |
| 209. | | 509. | |
| Adjustments for items unpaid by seller | | Adjustments for items unpaid by seller | |
| 210. City/Town taxes | | 510. City/Town taxes | |
| 211. County taxes    01/01/13 to 08/26/13 | 754.25 | 511. County taxes    01/01/13 to 08/26/13 | 754.25 |
| 212. Assessments | | 512. Assessments | |
| 213. County taxes 07/01/2012 to 12/31/2012 | | 513. County taxes 07/01/2012 to 12/31/2012 | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total paid by/for Buyer** | 2,774.25 | **520. Total reduction amount due Seller** | 31,201.44 |
| **300. Cash at Settlement from/to Buyer** | | **600. Cash at Settlement from/to Seller** | |
| 301. Gross amount due from Buyer (Line 120) | 68,383.86 | 601. Gross amount due to Seller (Line 420) | 65,735.86 |
| 302. Less amount paid by/for Buyer (Line 220) | ( 2,774.25) | 602. Less reductions due Seller (Line 520) | ( 31,201.44) |
| **303. CASH FROM BUYER** | 65,609.61 | **603. CASH TO SELLER** | 34,534.42 |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

3.    **4800 South Chicago Beach Drive 60615**

In August of 2013, I purchased an estate sale unit at 4800 South Chicago Beach Drive for $65,000.00. I provided $1000.00 earnest money. Bank of America provided me a credit line on July 17, 2013 and it made a deposit into my Citibank account on July 19, 2013 in the amount of $50,000.00. I was asked to bring a check in the amount of $66,000.00 to closing. Closing was set for August 26, 2013. I obtained a $66,000.00 cashier check from Citibank – Beverly location on August 26, 2013 at 10:44am. At closing, the title company would not accept a check in that amount. I was asked to split the check. I went to Citibank – Dearborn and Washington Streets location and the $66,000.00 was re-deposited in my checking account. I obtained 2 checks: one in the amount of $50,000.00 and the other in the amount of $15,609.61. This was done at 1:57pm on August 26, 2013. The amount of funds for the closing was $65,609.61. The credit line funds were being paid back to Bank of America on a monthly basis. It was paid in full on February 27, 2015. (see Exhibits #8 - #13)

Pamela E. Hill-Veal, Taxpayer - Petitioner

State of Illinois
}  SS
County of Cook

The undersigned, a notary public in and for the above county and state, certifies that Pamela E. Hill-Veal is known to me to be the same person whose name is subscribed as Taxpayer-Petitioner to the foregoing affidavit (properties), appeared to me in person and acknowledged signing the instrument as her free and voluntary act

SUBSCRIBED and SWORN to
me this _12_ day of August, 2017.

_____
Notary Public

OFFICIAL SEAL
SHARON A HANLON
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/01/19